

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-10-182-CV**

IN RE GO COLORADO 2007                                    RELATOR
REVOCABLE TRUST

------------

ORIGINAL PROCEEDING

------------

## OPINION

------------

### I. INTRODUCTION

In this original proceeding, Relator Go Colorado 2007 Revocable Trust (the Trust) contends that the trial court abused its discretion by enforcing a contractual jury waiver against the Trust when it did not exist at the time the guaranty containing the contractual jury waiver was signed; did not sign the guaranty containing the contractual jury waiver provision; and was not a party to, or assignee of, the guaranty containing the contractual jury waiver provision. Because we hold that the trial court

abused its discretion by enforcing the guaranty's jury waiver provision against the Trust, we will conditionally grant the Trust's petition for writ of mandamus.

## II. BACKGROUND

In May 2007, Gregory Obert created the Trust. In April 2006, prior to the Trust's creation, real party in interest Center Capital Corporation (CCC) entered into a loan and security agreement that was guaranteed by Go Interests, LLC; Gregory M. Obert; Gwendolyn M. Obert; Go Helicopters, Inc.; Helitrans Company; Hilltop Commercial Holdings, Inc.; and HMC Helicopter Service, Inc. Each of these individuals and entities (the Guarantors) signed a guaranty. The last sentence of each guaranty provides, "GUARANTOR HEREBY WAIVES TRIAL BY JURY AND THE RIGHT THERETO IN ANY ACTION OR PROCEEDING OF ANY KIND ARISING ON, OUT OF, UNDER OR BY REASON OF THIS GUARANTY."

Eventually, CCC sued the Guarantors for breach of their guaranties. CCC later added the Trust as a defendant in the pending case. Obert did not sign the guaranty in his capacity as trustee of the Trust; he signed it in his individual capacity. In fact, the Trust was not in existence at the time the guaranties were executed. CCC nonetheless sought enforcement of the guaranties' jury waiver provisions against the Trust, and the trial court signed a May 20, 2010 order enforcing the jury

2

waiver and placing CCC's lawsuit against all defendants, including the Trust, on the court's nonjury docket.[1]

The Trust filed this original proceeding, contending that the trial court abused its discretion by enforcing the contractual jury waiver against it; CCC filed a response.[2]

### III. ANALYSIS

### A. Standard of Review

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court also abuses its discretion if it incorrectly

---

[1] After hearing CCC's motion to reconsider the jury setting and motion to strike, the trial court granted the motion to strike by its May 20, 2010 order. CCC's suit against the Trust was placed on the trial court's nonjury docket.

[2] In its response, CCC points out that the contractual documents contain a choice-of-law provision indicating that they are governed by Connecticut law. But CCC also asserts that "[w]hether this court applies Texas law or Connecticut law, the result is the same" and proceeds to cite and rely upon Texas case law in its response. If the result is the same under the law of either jurisdiction, there is no need to resolve the choice-of-law question. *See, e.g.*, *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 419 (Tex. 1984). Consequently, we need not do so here.

3

interprets or improperly applies the law. *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642–43 (Tex. 2009) (orig. proceeding); *Walker*, 827 S.W.2d at 840.

Absent extraordinary circumstances, mandamus will not issue unless a relator lacks an adequate remedy by appeal. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210–11 (Tex. 2004) (orig. proceeding) (citing *Walker*, 827 S.W.2d at 839). When a trial court abuses its discretion by enforcing or by refusing to enforce a contractual jury waiver provision, the parties have no adequate remedy by appeal. *See In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316–17 (Tex. 2006) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); *see also Van Waters & Rogers, Inc.*, 145 S.W.3d at 210–11 (explaining that an appeal is inadequate for mandamus purposes when parties are in danger of permanently losing substantial rights, such as when the appellate court would not be able to cure the error, the party's ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record).

## B. The Trust Did Not Knowingly and Voluntarily Waive a Jury Trial

A prelitigation contractual jury waiver must be made knowingly and voluntarily. *Prudential Ins. Co. of Am.*, 148 S.W.3d at 132 (holding constitutional right to jury trial may be waived via contract so long as the waiver is made knowingly, voluntarily, and intelligently "with sufficient awareness of the relevant circumstances and likely consequences"); *see also Gen. Elec. Capital Corp.*, 203 S.W.3d at 316–17. Waiver

4

requires either the "intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Gen. Elec. Capital Corp.*, 203 S.W.3d at 316.

As set forth above, the Trust did not exist in April 2006 when Gregory Obert and the other defendants executed the guaranties containing the jury waiver provisions. Obert signed a guaranty in his individual capacity, not in his capacity as trustee of the Trust. The Trust is not a party to a guaranty and does not qualify as a "GUARANTOR [WHO] HEREBY WAIVES TRIAL BY JURY" under the guaranties. Obert's individual waiver of his right to a jury trial cannot, under any stretch of reasoning, be construed as a knowing and voluntary waiver on behalf of the subsequently-created Trust of the right to a jury trial. Obert could not have acted as trustee of a trust that had not yet been created. How can an individual who is not yet a trustee knowingly and voluntarily waive the constitutional right to a jury trial on behalf of a trust that does not yet exist? *See Prudential Ins. Co. of Am.*, 148 S.W.3d at 136 (requiring jury trial waiver to be knowing and voluntary). We hold that the Trust did not knowingly and voluntarily waive its constitutional right to trial by a jury.

While conceding that the Trust was not in existence when the guaranties were executed, that Obert did not sign the guaranty as trustee of the Trust, and that the Trust is not a party to any guaranty, CCC nonetheless argues that the trial court properly enforced the guaranty's jury waiver provision against the Trust for three reasons. First, CCC argues that such a close nexus exists between Obert, who signed a guaranty in his individual capacity, and the Trust that the guaranty's jury

5

waiver is enforceable against the Trust. Second, CCC argues that arbitration principles—which allow an arbitration agreement in certain narrow circumstances to be enforceable against nonsignatories—apply to contractual jury waivers. Third, CCC argues that equity demands enforcement of the jury waiver against the Trust.[3] We need not address these arguments, however, because we hold that the fact that the Trust was not in existence when Gregory Obert and the other defendants executed the guaranties containing the jury waiver provisions conclusively establishes as a matter of law that the Trust (which was not in existence) did not knowingly and voluntarily waive its constitutional right to a jury trial. If the Trust had existed prior to Gregory Obert's execution of the guaranty containing the jury waiver or if evidence established that the Trust had become an assignee of a Guarantor,[4] CCC's three arguments may or may not have merit. *See In re Credit Suisse First Boston Mortg. Capital, L.L.C.*, 257 S.W.3d 486, 493 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (holding that trial court did not abuse its discretion by refusing to enforce contractual jury waiver against nonsignatory, that jury waiver provisions are not on the same footing as arbitration agreements, and that equitable

---

[3] [...] CCC makes several compelling arguments why monies in the Trust belong to it. In fact, the trial court signed a temporary restraining order restricting the Trust's distributions and expenditures. We do not address these merits-based arguments by CCC; the sole issue before us is the enforceability of the guaranty's jury waiver provision against the Trust. That is, whether CCC can seek redress from the Trust before a jury or only before a judge.

[4] [...] The guaranties provide that they are binding on the Guarantors' "heirs, legatees, distributees, successors, assigns, executors and administrators . . . (each an 'Assignee')."

estoppel cannot be used as a vehicle to circumvent the required "knowing and voluntary" waiver standard).

## IV. CONCLUSION

Because the Trust had not yet been created when Obert and the other defendants executed the guaranties containing the jury waiver provisions, because Obert did not sign the guaranty containing the contractual jury waiver provision in his capacity as trustee of the subsequently-created Trust, and because the Trust was not a party to the guaranty containing the contractual jury waiver provision and otherwise did not become an assignee of a Guarantor, we hold that the trial court abused its discretion by enforcing the guaranties' contractual jury waiver provision against the Trust. We conditionally grant the Trust's petition for writ of mandamus.

Respondent is ordered to enter an order setting aside that portion of its May 20, 2010 order that places CCC's suit against the Trust on the nonjury docket. That portion of Respondent's May 20, 2010 order that places CCC's claims against the other seven defendants on the nonjury docket remains intact. The writ will issue only if Respondent fails to comply. Our stay order dated June 4, 2010 is ordered dissolved.

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and MEIER, JJ.

DAUPHINOT, J. dissents without opinion.

DELIVERED: July 15, 2010

7