**Affirm in part; Reverse and Render in part; and Remand; Opinion Filed April 30, 2013.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-12-00902-CV

## DALLAS COUNTY HOSPITAL DISTRICT D/B/A PARKLAND HEALTH AND HOSPITAL SYSTEM, Appellant
## V.
## HOSPIRA WORLDWIDE, INC., Appellee

### On Appeal from the 162nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-11-14542

## OPINION

Before Justices Francis, Murphy, and Evans
Opinion by Justice Evans

In this accelerated interlocutory appeal, Dallas County Hospital District d/b/a Parkland Health and Hospital System challenges the trial court's denial of its plea to the jurisdiction seeking dismissal of Hospira Worldwide Inc.'s action against it. The District contends Hospira's suit is barred by sovereign immunity. We must decide whether the legislature intended to waive the District's immunity from suit from Hospira's claims by enacting sections 271.151–.160 of the local government code, which waives immunity from suit for contract claims against most local governmental entities in certain circumstances. Because the language defining a local governmental entity in section 271.151 clearly and unambiguously encompasses county hospital districts, we conclude the District's immunity from suit for Hospira's breach of contract claim has been waived by section 271.152. We further conclude, however, that the waiver of

immunity afforded under section 271.151 does not extend to Hospira's alternative claim for quantum meruit. Accordingly, we reverse the trial court's order denying the District's plea to the jurisdiction with respect to Hospira's quantum meruit claim and render judgment dismissing that claim with prejudice. We affirm the trial court's order in all other respects and remand the cause to the trial court for further proceedings.

## BACKGROUND

In 2005, the District entered into a written lease and purchase contract with Hospira for certain medical equipment and supplies. During the term of the lease, Hospira did not invoice the District for the full amount of the monthly lease. Several months after the end of the lease term, Hospira invoiced the District for the remaining amounts due under the lease. After Hospira's attempts to recover the shortfall from the District were unsuccessful, Hospira sued the District asserting the District's immunity from suit had been waived by section 271.152 of the local government code. The District filed a plea to the jurisdiction contending Hospira's suit was barred by sovereign immunity. Among other things, the District argued that its immunity from suit had not been waived under section 271.152 because it was not a local government entity as defined in section 271.151. The trial court denied the District's plea to the jurisdiction. This interlocutory appeal followed.

## ANALYSIS

### I. Governmental Immunity[1]

A plea to the jurisdiction asserting governmental immunity and requiring the review of certain statutory provisions involves questions of law that we review de novo. *See Harris*

---

[1] Courts often use the terms "sovereign immunity" and "governmental immunity" interchangeably. However, "sovereign immunity" refers to the State's immunity from suit and liability, while "governmental immunity" protects political subdivisions of the State, including counties, cities, and school districts. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 702 n.3 (Tex. 2003). We will generally refer to the alleged immunity in this case as governmental immunity.

*County Hosp. Dist. v. Tomball Reg'l Hosp.,* 283 S.W.3d 838, 842 (Tex. 2009). Where, as here, there was no evidence presented to the trial court on the immunity issue, we look solely to the pleadings to determine whether the trial court's jurisdiction was properly invoked. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Generally, absent an express legislative waiver, county hospital districts are governmental units that enjoy governmental immunity from lawsuits for damages. *See Harris County ,* 283 S.W.3d at 842 (citing *Martinez v. Val Verde County Hosp. Dist*., 140 S.W.3d 370, 371 (Tex. 2004)). Governmental immunity from suit is jurisdictional, barring the suit, and can be waived only by clear and unambiguous language in a statute. TEX. GOV'T CODE § 311.034; *Harris County*, 283 S.W.3d at 842–43.

## II. Waiver under Section 271.152

In its pleadings, Hospira asserted section 271.152 of the local government code waived the District's immunity to Hospira's suit. As a preliminary matter, we address the District's complaint that Hospira failed to adequately plead an affirmative waiver of immunity. The District argues that although section 271.152 is specifically referenced in Hospira's petition, Hospira failed to set forth the analysis demonstrating the District is a "local governmental entity" under the statute. Hospira's pleadings alleged the District was authorized to contract with Hospira, that the parties entered into a contract, and that the District failed to pay the amounts due under the contract. Hospira then cited section 271.152 as the statutory waiver of immunity from suit upon which it relied. It was not necessary for Hospira to plead its arguments that the District was a local governmental entity. We conclude Hospira sufficiently pleaded that Hospira intended to rely on section 271.152's waiver provision for the claims it asserted against the

3–

District. *See City of Houston v. Swinerton Builders, Inc*., 233 S.W.3d 4, 11 (Tex. App.—Houston [1st Dist.] 2007, no pet.).[2]

Section 271.152 waives governmental immunity from suit for breach of contract claims against local governmental entities authorized by statute or constitution to enter into a contract. TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005). Section 271.152 was enacted by the legislature "to loosen the immunity bar so 'that *all* local governmental entities that have been given or are given the statutory authority to enter contracts shall not be immune from suits arising from those contracts.'" *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 327 (Tex. 2006) (quoting HOUSE COMM. ON CIVIL PRACTICES, BILL ANALYSIS TEX. H.B. 2039, 79th Leg., R.S. 2005) (emphasis in opinion)). A "local governmental entity" is defined in the statute as:

> . . . a political subdivision of this state, other than a county or a unit of state government, as that term is defined by Section 2260.001, Government Code, including a: . . .
>
> (C) special-purpose district . . . .

TEX. LOC. GOV'T CODE ANN. § 271.151(3)(C) (West 2005).

The Dallas County Hospital District is a political subdivision of the State of Texas. *See* TEX. CONST. art IX, §§4–11 (providing for the creation of hospital districts); *see also Harris County Hosp. Dist*., 283 S.W.3d at 842; *Salcedo v. El Paso Hosp. Dist*., 659 S.W.2d 30, 31 (Tex. 1983). The District admits its status as a political subdivision of the State and does not contest its status as a special purpose district.[3] Nevertheless, the District contends that it is excluded

---

[2] To the extent the District raises new arguments in its reply brief regarding whether Hospira sufficiently pleaded facts to support a waiver of governmental immunity under 271.152, they are not considered here. *See Myan Mgmt. Group, L.L.C. v. Adam Sparks Family Revocable Trust*, 292 S.W.3d 750, 754 n.1 (Tex. App.—Dallas 2009, no pet.) (reply brief may not be used to raise new issues even to refute matter raised in appellee's response).

[3] During oral argument, the District acknowledged it was a special purpose district, although it contended it was not among the special purpose districts to which section 271.152 applied.

from section 271.151's definition of a local government entity because it is a "unit of state government" pursuant to section 2260.001 of the government code. However, section 2260.001(4) specifically excludes special purpose districts from being a "unit of state government." TEX. GOV'T CODE ANN. § 2260.001(4) (West 2008) ("The term ['unit of state government'] does not include a . . . special purpose district, or other political subdivision of this state."). Consequently, special purpose districts are expressly included as local governmental entities for purposes of section 271.152's statutory waiver of immunity and expressly excluded as units of state government as defined in section 2260.001of the government code. *See Abilene Housing Auth. v. Gene Duke Builders, Inc.*, 226 S.W.3d 415, 417 (Tex. 2007). Because the District is a special purpose district and special purpose districts are expressly included in section 271.151's definition of a local governmental entity, we conclude the legislature clearly and unambiguously intended to waive the District's immunity from suit for contractual claims covered under section 271.152.

In reaching this conclusion, we necessarily reject the District's argument that only those special purpose districts specifically enumerated in section 271.151(3)(C) are local governmental entities for which immunity is waived in section 271.152. The statutory definition of "local governmental entity" is not limited to those special purpose districts listed, but plainly states it applies to special purpose districts "including" those that are set forth. "[I]ncluding" is a term of enlargement and not of limitation or exclusive enumeration, and use of the term does not create a presumption that the components not expressed are excluded. TEX. GOV'T CODE ANN. § 311.005(13) (West 2005); *see, e.g., Fort Bend County Toll Road Auth. v. Olivares*, 316 S.W.3d 114, 127 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (concluding toll road authority is local governmental entity under section 271.151 even though not listed among enumerated entities in statutory definition). In fact, several courts have held that a county hospital district is a political

subdivision of the state for purposes of the Texas Tort Claims Act even though the term "hospital district" is not included among the state political subdivisions or special purpose districts listed in the TTCA's definition of "governmental unit." *See* TEX. CIV. PRAC. & REM. CODE ANN. §101.001(3)(B); *Salcedo,* 659 S.W.2d at 31; *Weeks v. Harris County Hosp. Dist.*, 785 S.W.2d 169, 170 (Tex. App.—Houston [14th Dist.] 1990, writ denied). Additionally, county hospital districts have been considered a "local unit of government" rather than "state government" under the TTCA. *See Tarrant County Hosp. Dist. v. Ray*, 712 S.W.2d 271, 273–74 (Tex. App.—Fort Worth 1986, writ ref'd, n.r.e.).

In light of our conclusion that section 271.152 waives the District's immunity from suit for Hospira's breach of contract claims, we summarily dispose of the District's argument that Hospira cannot circumvent the District's governmental immunity from suit by characterizing its suit for money damages as a declaratory judgment claim.[4] The District's characterization of Hospira's declaratory judgment claim appears accurate. Section 271.152, therefore, does not provide the District with immunity from suit from Hospira's declaratory judgment claim.

## III.     Quantum Meruit

The District finally contends that section 271.152 does not waive its immunity from suit for Hopsira's alternative claim based on quantum meruit. We agree. The plain language of the statute only waives immunity "for the purposes of adjudicating a claim for breach of the contract." TEX. LOC. GOV'T CODE ANN. § 271.152. The waiver does not apply to extra contractual claims such as quantum meruit. *See City of San Antonio ex rel. City Pub. Serv. Bd. v. Wheelabrator Air Pollution Control, Inc.,* 381 S.W.3d 597, 602 (Tex. App.—San Antonio 2012, pet. filed); *Swinerton Builders*, 233 S.W.3d at 12–13.

---

[4] Hospira alternatively pleaded a cause of action under the Uniform Declaratory Judgments Act seeking a declaration from the trial court of the parties' obligations and duties under the subject contract.

6–

**CONCLUSION**

We conclude the legislature intended to include the District as a local governmental entity for purposes of section 271.152's waiver of immunity. We further conclude, however, that the waiver of immunity afforded under section 271.152 does not extend to Hospira's alternative claim for quantum meruit. Accordingly, we reverse the trial court's order denying the District's plea to the jurisdiction and motion to dismiss with respect to Hospira's quantum meruit claim. We render judgment dismissing Hospira's claim in quantum meruit with prejudice. We affirm the trial court's order in all other respects. We remand this cause to the trial court for further proceedings.

/David W. Evans/
DAVID W. EVANS
JUSTICE

120902F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DALLAS COUNTY HOSPITAL
DISTRICT D/B/A PARKLAND HEALTH
AND HOSPITAL SYSTEM, Appellant

No. 05-12-00902-CV      V.

HOSPIRA WORLDWIDE, INC., Appellee

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-14542.
Opinion delivered by Justice Evans.
Justices Francis and Murphy participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellant's plea to the jurisdiction is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's order denying appellant's plea to the jurisdiction with respect to appellee's claim for quantum meruit and **RENDER** judgment dismissing that claim with prejudice. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings.

It is **ORDERED** that appellee Hospira Worldwide, Inc. recover its costs of this appeal from appellant Dallas County Hospital District d/b/a Parkland Health and Hospital System.

Judgment entered this 30th day of April, 2013.

/David W. Evans/
DAVID W. EVANS
JUSTICE