

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00272-CV

CITY OF WILLOW PARK, TEXAS                                        APPELLANT

V.

E.S. & C.M., INC.                                                APPELLEE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

----------

## OPINION

----------

In three issues, appellant City of Willow Park, Texas appeals the trial court's order overruling its plea to the jurisdiction.[1] We affirm in part and reverse and render in part.[2]

---

[1]*See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2013).

[2]*See* Tex. R. App. P. 43.2(a), (c).

## Background Facts

In the summer of 2011, appellee E.S. & C.M., Inc., an engineering firm, sued appellant. Appellee alleged that it had entered into a consulting services contract with appellant;[3] that the contract had obligated appellant to pay approximately $1,119,000 to appellee in installments (the first of which—approximately $279,773—was allegedly due); and that because of complicating circumstances, appellant had only paid $75,728.[4] Appellee therefore brought claims for breach of contract and quantum meruit, seeking damages and attorney's fees. Appellee pled that through entering a contract subject to section 271.152 of the local government code,[5] appellant had waived its immunity from suit.

Appellant answered by generally denying appellee's claims; pleading several affirmative defenses, including governmental immunity; and asserting a

---

[3]According to the petition, appellant engaged appellee for consulting services because appellant had desired to apply to the Texas Water Development Board (TWDB) for funding of a new wastewater treatment plant. The consulting services included the preparation of an engineering feasibility report and other documents that would "eventually be provided" to TWDB.

[4]According to the petition, TWDB informed appellee that it could not fund any project by appellant because appellant had pending lawsuits against it at the time of its application to TWDB.

[5]*See* Tex. Loc. Gov't Code Ann. § 271.152 (West 2005) (stating that a local government that is authorized to enter into a contract and that enters into a contract "subject to this subchapter waives . . . immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter").

counterclaim. In the counterclaim, appellant alleged that appellee had falsely represented that it would be able to obtain funding on appellant's behalf for a wastewater project. Appellant sued appellee for promissory estoppel and negligent misrepresentation.

Almost two years after the filing of appellee's original petition, appellant filed a plea to the jurisdiction, alleging that it was immune from appellee's suit. Appellant argued that any waiver of immunity under section 271.152 was inapplicable because in paragraph 12.11 of the parties' contract, they had expressly agreed that appellant had not waived its immunity. Appellant also contended that a waiver under section 271.152, if any, did not apply to quantum meruit claims. Finally, appellant urged that nothing in the law when the parties signed the contract or the contract itself allowed appellee to recover attorney's fees even if appellee's suit as a whole was not barred.

Appellee responded to appellant's plea to the jurisdiction by contesting appellant's contention that the contract could preserve immunity that appellant had already waived under section 271.152. Appellee also contended that several provisions of the contract contemplated litigation and therefore reflected a waiver of immunity, that the provision of the contract relied on by appellant did not preclude litigation or reinstate immunity, that allowing appellant to contract around a waiver of immunity would leave appellee without recourse to enforce the agreement, that allowing the contract to override the statute's immunity waiver would contravene the public policy of allowing recourse when a

3

governmental entity breaches a contract, and that appellant's assertion of counterclaims precluded its contention that it enjoyed immunity from appellee's claims. Appellee also contended that chapter 271 of the civil practice and remedies code supported its claim for attorney's fees. Appellee did not expressly contest that its claim for quantum meruit was jurisdictionally barred.

After appellant filed a letter brief to reply to some of appellee's contentions and after the trial court held a hearing on the plea to the jurisdiction, the court overruled the plea.[6] Appellant brought this interlocutory appeal.

**Breach of Contract**

In its first issue, appellant contends that the trial court erred by denying its plea to the jurisdiction with regard to appellee's breach of contract claim. Specifically, appellant argues that its immunity from a breach of contract claim could not be waived under section 271.152 because the parties agreed that their contract did not waive immunity.

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Big Rock Investors Ass'n v. Big Rock Petroleum, Inc.*, 409 S.W.3d 845, 848 (Tex. App.—Fort Worth 2013,

---

[6]Appellant also filed a traditional motion for summary judgment on an affirmative defense that is unrelated to the issues in this appeal. At the joint hearing on appellant's motion for summary judgment and plea to the jurisdiction and again during oral argument before this court, appellee has appeared to concede that appellant enjoys immunity from a claim for quantum meruit.

4

pet. filed). Such a plea may raise the issue of governmental immunity, which generally protects political subdivisions of the State from lawsuits for damages. *See Lewisville ISD v. CH Townhomes, Inc.*, 346 S.W.3d 21, 22 (Tex. App.—Fort Worth 2011, pet. denied).

Immunity involves two issues: whether a governmental entity has consented to suit and whether the entity has accepted liability. *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009). Immunity from suit is jurisdictional and bars suit unless the State expressly waives immunity or consents to the suit. *Id.*; *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). As a city, appellant enjoys governmental immunity from suit unless it has been waived. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003); *Univ. of Tex. at Arlington v. Williams*, No. 02-12-00425-CV, 2013 WL 1234878, at *2 (Tex. App.—Fort Worth Mar. 28, 2013, pet. filed) (mem. op.) ("[A] plaintiff asserting a claim against a governmental unit must allege facts that affirmatively demonstrate that the legislature has waived immunity for the claims brought.").

If a court lacks subject matter jurisdiction in a particular case, then it lacks authority to decide that case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Whether the trial court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002). When

reviewing a grant or denial of a plea to the jurisdiction, we consider the plaintiff's pleadings, construed in favor of the plaintiff, and any evidence relevant to the jurisdictional issue without considering the merits of the claim beyond the extent necessary to determine jurisdiction. *Big Rock Investors Ass'n*, 409 S.W.3d at 848.

As we have explained,

> When a governmental entity . . . enters into a contract, it waives immunity from liability but does not waive immunity from suit unless the legislature has clearly and unambiguously waived the governmental entity's immunity from suit. To invoke the trial court's subject matter jurisdiction over a claim arising out of a governmental entity's contractual obligations, the plaintiff must allege a valid waiver of immunity from suit and plead sufficient facts demonstrating the trial court's jurisdiction.

*City of N. Richland Hills v. Home Town Urban Partners, Ltd.*, 340 S.W.3d 900, 906 (Tex. App.—Fort Worth 2011, no pet.) (op. on reh'g) (citation omitted).

Chapter 271 of the local government code contains such a clear and unambiguous waiver of immunity. *See id.* at 907. That chapter provides, in part, that when a local government entity, including a municipality, enters into a written contract that states "the essential terms of the agreement for providing goods or services," the local government entity waives immunity "to suit for the purpose of adjudicating a claim for breach of the contract." *See* Tex. Loc. Gov't Code Ann. § 271.151(2)(A), (3)(A) (West Supp. 2013), § 271.152; *Ben Bolt-Palito Blanco Consol. ISD v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund,* 212 S.W.3d 320, 327–28 (Tex. 2006) (applying section 271.152).

6

According to legislative history documents, section 271.152 was enacted with the intent that "all local governmental entities that are given the statutory authority to enter into contracts shall not be immune from suits arising from those contracts." Senate Research Ctr., Bill Analysis, Tex. H.B. 2039, 79th Leg., R.S. (2005); *see also* House Research Org., Bill Analysis, Tex. H.B. 2039, 79th Leg., R.S. (2005) (explaining that supporters of the enactment of section 271.152 argued that it would "bring fairness to business relationships between contractors and local government entities" and would avoid "a fundamentally unfair situation that denie[d] redress . . . to a contractor who completed a project for a city that refused to pay"). In other words, as the supreme court has recognized, the legislature enacted section 271.152 to "loosen the immunity bar so that *all* local governmental entities that have been given or are given the statutory authority to enter into contracts shall not be immune from suits arising from those contracts." *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 838 (Tex. 2010).

Appellant has not contested in the trial court or on appeal that section 271.152's limited waiver of immunity would normally apply to the contract between the parties. Instead, appellant contends that a provision within the contract overrides the waiver.[7] The contract between the parties included the following provisions:

---

[7]In its brief, appellant contends, "[T]he parties . . . entered into a written agreement which specifically reinstated any immunity that might otherwise have

7

1.1 **Employment of the Consultant** – The City hereby agrees to retain the Consultant[8] to perform professional engineering services in connection with the Project. Consultant agrees to perform such services in accordance with the terms and conditions of this Agreement. . . .

. . . .

1.3 **Schedule of Work** – The Consultant agrees to commence work immediately upon the execution of the Agreement, and to proceed diligently with said work . . . .

. . . .

3.1 **Compensation for Consultant's Services** – . . . [C]ompensation for this Project shall be for an amount not to exceed . . . $1,119,000 . . . .

. . . .

*In addition to all remedies at law*, the parties may resolve/mediate any controversy, claim or dispute arising out of or relating to the interpretation or performance of this Agreement, or breach thereof, by voluntary mediation . . . .[9]

. . . .

12.5 **Venue** – This entire Agreement is performable in Parker County, Texas and the venue *for any action related directly or indirectly . . . to this Agreement* or in any manner connected therewith shall be in Parker County, Texas, and this Agreement shall be construed under the laws of the State of Texas.

. . . .

---

been waived . . . . As a result, the statutory exception to immunity does not apply in this case."

[8]The "Consultant" is appellee.

[9]This provision appeared under article nine of the contract, titled "**DISPUTE RESOLUTION/MEDIATION**." Appellee relies on terms such as these to argue that the contract contemplates litigation between the parties.

12.8 **Waiver** – Waiver by either party of any breach of this Agreement, or the failure of either party to enforce any of the provisions of this Agreement, at any time, shall not in any way affect, limit, or waive *such party's right thereafter to enforce or compel strict compliance.*

. . . .

12.11 **Sovereign Immunity** – The parties agree that the *City has not waived its sovereign immunity by entering into and performing its obligations under this Agreement.*[10] [Emphasis added.]

Appellant argues that paragraph 12.11 is "clearly aimed at contractually reinstating . . . immunity which might otherwise be waived by operation of [section 271.152]." Appellant also contends that the parties were free to contract around section 271.152's limited waiver of immunity, relying on Texas supreme court cases. *See, e.g.*, *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 95 (Tex.) ("As a fundamental matter, Texas law recognizes and protects a broad freedom of contract."), *cert. denied*, 132 S. Ct. 455 (2011). Appellant correctly argues that under some circumstances, parties may waive statutory and even constitutional rights by contract and that nothing in section 271.152 specifically precludes reinstatement or avoidance of the limited waiver of immunity. *See Solar Applications Eng'g, Inc. v. T.A. Operating Corp.*, 327 S.W.3d 104, 112 (Tex. 2010) ("Parties are free, of course, to contract out of statutory default rules . . . and may even contractually waive constitutional rights."); *In re Go Colorado 2007*

---

[10]As a city, appellant actually enjoys governmental immunity, not sovereign immunity. *See City of Houston v. Williams*, 353 S.W.3d 128, 134 & n.5 (Tex. 2011).

9

*Revocable Trust*, 319 S.W.3d 880, 883 (Tex. App.—Fort Worth 2010, orig. proceeding) (explaining that the constitutional right to a jury trial may be waived through a prelitigation contract as long as the waiver is knowing, voluntary, and intelligent); *see also Wright v. Sport Supply Group, Inc.*, 137 S.W.3d 289, 294 (Tex. App.—Beaumont 2004, no pet.) ("Absent a statute or fundamental public policy precluding waiver, one generally may contractually waive . . . constitutional or statutory rights, whether present or future."). Appellee replies that the parties could not, by contract, circumvent the waiver of immunity that the legislature intended and that even if they could do so, paragraph 12.11 is ambiguous and does not avoid section 271.152's limited waiver.

We disagree with appellee's contentions that paragraph 12.11 is ambiguous or that it does not directly conflict with section 271.152. Whereas section 271.152 states that a local governmental entity may waive its own immunity by entering a contract,[11] paragraph 12.11 plainly states that appellant did not waive its immunity by entering the contract at issue.[12] *See* Tex. Loc.

---

[11]We note that section 271.152 does not itself waive immunity but instead provides a mechanism for a local government entity to waive its own immunity by entering a contract. Thus, we disagree with appellee's arguments that the legislature on its own accord waived appellant's immunity and that paragraph 12.11, which purports to preclude appellant's waiver of its immunity, does not therefore necessarily conflict with section 271.152.

[12]Although appellee's former shareholder and director, Billy Lohrke, signed an affidavit stating that none of the parties to the contract "agree[d] to allow [appellant] to reinstate . . . immunity that was legislatively waived," we construe contracts according to the ordinary meaning of the words expressed within them.

10

Gov't Code Ann. § 271.152. Thus, the statutory and contractual provisions are incompatible, and one of them must yield. Based on principles generally underlying the waiver of sovereign or governmental immunity, on the purpose behind the enactment of section 271.152, and on legislative intent expressed within another section in chapter 271, we conclude that the contractual provision cannot be enforced.

Courts have consistently deferred to the legislature's judgment in matters concerning the waiver of sovereign or governmental immunity. *See IT–Davy*, 74 S.W.3d at 854. Such deference is proper because the legislature has an interest in controlling fiscal matters through the appropriations process. *See* Tex. Gov't Code Ann. § 311.034 (West 2013).

Thus, in *IT-Davy*, which the supreme court decided before the enactment of section 271.152, the court held that neither the State nor its agents could waive sovereign immunity even by signing a contract that expressly purported to do so. 74 S.W.3d at 858 ("[E]ven though the TNRCC's executive director had the authority to enter into the contract with IT–Davy on the TNRCC's behalf, he did not have authority to, and thus did not, waive the TNRCC's immunity from suit."); *see Wichita Falls State Hosp.*, 106 S.W.3d at 695 (explaining that the consent of "the people" for their government to be sued is expressed within the laws of the state and that it is the legislature's responsibility to balance "the

*See Doe v. Tex. Ass'n of Sch. Bds., Inc.*, 283 S.W.3d 451, 458 (Tex. App.—Fort Worth 2009, pet. denied).

11

conflicting policy issues associated with waiving immunity"); *see also Webb Cnty. v. Khaledi Props., Ltd.*, No. 04-12-00251-CV, 2013 WL 3871060, at *2 (Tex. App.—San Antonio July 24, 2013, no pet.) (mem. op.) (citing *IT-Davy* and holding that immunity from a breach of contract suit may be waived only by the legislature, not expressly by the contracting parties); *Potter Cnty. v. Tuckness*, 308 S.W.3d 425, 430 (Tex. App.—Amarillo 2010, no pet.). If parties to a contract cannot, between themselves, voluntarily choose to waive an entity's sovereign or governmental immunity because the legislature has sole province over such matters, we cannot conclude that parties may collectively and voluntarily abrogate the legislature's intention to waive such immunity. In other words, because matters of immunity hinge upon legislative policy balancing of competing public and private interests, *see IT-Davy*, 74 S.W.3d at 857, we conclude that these parties could not tilt that balance in either direction through their contract. *See Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 353 (Tex. 2013) (reiterating that it is the legislature's "sole province" to waive or abrogate sovereign immunity); *see also Bacon v. Tex. Historical Comm'n*, 411 S.W.3d 161, 172 (Tex. App.—Austin 2013, no pet.) (explaining that the contemporary rationale for governmental immunity is that the legislature "is best suited to make the policy-laden judgments as to if and how . . . government resources should be expended").

Next, the above-described polices underlying section 271.152—including avoiding the elimination of redress to contractors when a governmental entity

12

refuses to pay—would be thwarted by enforcing paragraph 12.11 of the parties' contract. *See* House Research Org., Bill Analysis, Tex. H.B. 2039, 79th Leg., R.S. (2005). And we conclude that the legislature intended to avoid a mutual elimination of section 271.152's policy because chapter 271, by its own language, indicates that some contractual terms that conflict with the chapter's waiver of immunity cannot be enforced. Specifically, although section 271.154 allows parties to incorporate "[a]djudication procedures" (such as notice or alternative dispute resolution provisions) into contracts subject to chapter 271, the section prohibits such procedures from "conflict[ing] with the terms" of section 271.152. *See* Tex. Loc. Gov't Code Ann. § 271.154 (West 2005). We cannot imagine that the legislature would have precluded some contractual terms from conflicting with chapter 271's limited waiver of immunity while intending to allow for the possibility that a contractual term could override the waiver altogether.

We recognize that there is a strong public policy in enforcing voluntary and knowing contracts. *See Fairfield Ins. Co. v. Stephens Martin Paving, LP*, 246 S.W.3d 653, 664 (Tex. 2008); *see also Fortis Benefits v. Cantu*, 234 S.W.3d 642, 649 (Tex. 2007) (indicating that courts should be "loathe" to judicially rewrite a contract's plain language). But the freedom of contract is "not unbounded"; parties do not have the right to enter contracts that violate another strong public policy as expressed through the legislature's statutes. *See Fairfield Ins. Co.*, 246

13

S.W.3d at 664;[13] *Woolsey v. Panhandle Ref. Co.*, 131 Tex. 449, 455, 116 S.W.2d 675, 678 (1938) (disapproving of a contract that made the "wise provisions of the law . . . futile"); *see also In re I.R.H.*, No. 04-12-00366-CV, 2013 WL 1850778, at *1–2 (Tex. App.—San Antonio May 1, 2013, pet. denied) (mem. op.) (holding that a provision in an agreed final decree of divorce that required a parent to pay $25,000 to the other parent before seeking to modify conservatorship was against public policy and therefore void); *Westchester Fire Ins. Co. v. Admiral Ins. Co.*, 152 S.W.3d 172, 182 (Tex. App.—Fort Worth 2004, pet. denied) (en banc op. on reh'g) ("Courts look to state statutes and judicial decisions to determine public policy.").

The appropriate test when considering whether a contract violates public policy is whether the tendency of the agreement is injurious to the public. *City of The Colony v. N. Texas Mun. Water Dist.*, 272 S.W.3d 699, 730 (Tex. App.—Fort Worth 2008, pet. dism'd); *see Westchester Fire Ins. Co.*, 152 S.W.3d at 182–83 (explaining that in weighing a contract term against public policy, we should consider the strength of the public policy as manifested by legislation or judicial decisions and the likelihood that a refusal to enforce the term will further that policy). Enforcing paragraph 12.11 or identical provisions in the future would be injurious to the public because it would allow local governments to breach

---

[13]As explained in *Fairfield*, the supreme court has not been shy to declare agreements unenforceable for a violation of public policy. *See* 246 S.W.3d at 665 & n.20.

14

contractual terms without the possibility of redress, contravening section 271.152's policy. *Cf. Nat'l Cnty. Mut. Fire Ins. Co. v. Johnson*, 879 S.W.2d 1, 3–4 (Tex. 1993) (plurality op.) (holding that an insurance contract's provision that excluded coverage to a driver's family members was ineffective because it attempted to narrow coverage that the legislature had intended to exist).

For all of these reasons, we hold that paragraph 12.11 of the parties' contract is void because it contravenes the legislature's public policy expressed within chapter 271 of the local government code. *See In re C.H.C.*, 396 S.W.3d 33, 51 (Tex. App.—Dallas 2013, no pet.) ("A court can declare a contract void as against public policy and refuse to enforce it."). Thus, we conclude that appellant did not retain or reinstate its immunity from appellee's breach of contract claim, and we overrule appellant's first issue.[14]

### Attorney's Fees

In its second issue, appellant contends that the trial court erred by denying its plea to the jurisdiction because it is immune from appellee's request for attorney's fees in connection with its breach of contract claim. Appellee pled for attorney's fees under section 271.153 of the local government code, which currently provides that a plaintiff in a suit against a local governmental entity for breach of contract may recover "reasonable and necessary attorney's fees that

---

[14]Therefore, we decline to analyze appellee's alternative argument that appellant waived its immunity for a breach of contract claim against it by pleading a counterclaim.

are equitable and just." *See* Tex. Loc. Gov't Code Ann. § 271.153(a)(3) (West Supp. 2013).

The parties executed their contract, however, in January 2008. At that time, chapter 271 did not provide for the recovery of attorney's fees in a breach of contract suit subject to the chapter. *See* Act of May 23, 2005, 79th Leg., R.S., ch. 604, 2005 Tex. Gen. Laws 1548 (amended 2009) (current version at Tex. Loc. Gov't Code Ann. § 271.153). And the 2009 amendment to the statute, which added the possibility of recovering attorney's fees, expressly provided that the change in the law applied "only to a claim that [arose] under a contract executed on or after the effective date of th[e] Act." *See* Act of May 31, 2009, 81st Leg., R.S., ch. 1266, §§ 8, 17, 2009 Tex. Gen. Laws 4006 (amended 2011) (current version at Tex. Loc. Gov't Code Ann. § 271.153); *see also Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 412 n.5 (Tex. 2011) (recognizing that the 2009 amendment to section 271.153 that authorized the recovery of attorney's fees was not retroactive). In fact, as appellant argues, the version of the statute in effect at the time the parties entered into their contract specifically precluded an award of attorney's fees for either party in a chapter 271 breach of contract claim unless such fees were particularly authorized by the parties' contract. Act of May 23, 2005, 79th Leg., R.S., ch. 604, 2005 Tex. Gen. Laws 1548 (amended 2009). The contract in this case did not allow for attorney's fees.

Thus, it is evident that appellee is not entitled to attorney's fees in connection with its breach of contract suit against appellant. But appellee argues that the appropriateness of its request for attorney's fees is not a jurisdictional issue and must instead be raised through a motion for summary judgment. We disagree.

A governmental entity's immunity from a request for attorney's fees is properly litigated through a plea to the jurisdiction. *See Harris Cnty. Flood Control Dist. v. Great Am. Ins. Co.*, 309 S.W.3d 614, 617–18 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (explaining that the 2009 amendment to section 271.153 was not retroactive, holding that a governmental entity therefore had immunity from a claim for attorney's fees, and reversing a trial court's denial of the entity's plea to the jurisdiction); *City of Houston v. Petroleum Traders Corp.*, 261 S.W.3d 350, 360–61 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that a city could not be entitled to attorney's fees in a chapter 271 claim and reversing the denial of a plea to the jurisdiction to that extent); *see also Univ. of Tex. Sys. v. Ochoa*, 413 S.W.3d 769, 774 (Tex. App.—Austin 2012, pet. denied) ("Having sustained the University's sole issue on appeal, we reverse the district court's order denying the University's plea to the jurisdiction and render judgment dismissing Ochoa's attorney's fees claims for lack of subject-matter jurisdiction.").

Although appellee relies on one of our previous cases to contend that the potential recovery of attorney's fees may not be litigated in an interlocutory

appeal from a denial of a plea to the jurisdiction, we decided the merits of an issue regarding immunity from attorney's fees in that interlocutory appeal. *City of N. Richland Hills*, 340 S.W.3d at 913, 917 (dismissing a request for attorney's fees for a lack of subject matter jurisdiction) (citing *City of Corinth v. NuRock Dev., Inc.*, 293 S.W.3d 360, 370 (Tex. App.—Fort Worth 2009, no pet.)). Thus, because appellant properly raised the issue of attorney's fees in its plea to the jurisdiction and because the law makes attorney's fees unrecoverable for appellee's litigation of its breach of contract claim under the circumstances of this case, we sustain appellant's second issue.

## Quantum Meruit

In its third issue, appellant argues that the trial court erred by overruling its plea to the jurisdiction with regard to appellee's quantum meruit claim. Appellee did not respond to appellant's third issue within its brief.

Although governmental entities may waive immunity for a breach of contract claim under section 271.152 by executing a contract subject to that section, our sister courts have uniformly held that section 271.152 does not provide for a waiver of immunity for quantum meruit claims and that entities retain immunity for such claims. *See Dallas Cnty. Hosp. Dist. v. Hospira Worldwide, Inc.*, 400 S.W.3d 182, 187 (Tex. App.—Dallas 2013, no pet.) ("[Section 271.152's] waiver does not apply to extra contractual claims such as quantum meruit."); *City of San Antonio ex rel. City Pub. Serv. Bd. v. Wheelabrator Air Pollution Control, Inc.*, 381 S.W.3d 597, 602 (Tex. App.—San

18

Antonio 2012, pet. denied) ("[T]he legislative waiver of immunity in the contract context is restricted to suits for breach of a written contract for goods and services."); *City of Deer Park v. Ibarra*, No. 01-10-00490-CV, 2011 WL 3820798, at *6 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, no pet.) (mem. op.) ("The workers' promissory estoppel and quantum meruit claims sound in equity, and they are simply not included in section 271.152's limited waiver of governmental immunity.").

We agree with our sister courts that section 271.152, by its express language, does not allow governmental entities to waive immunity for quantum meruit claims. *See* Tex. Loc. Gov't Code Ann. § 271.152 ("A local governmental entity that . . . enters into a contract subject to this subchapter waives sovereign immunity to suit *for the purpose of adjudicating a claim for breach of the contract* . . . .") (emphasis added). We therefore sustain appellant's third issue.

### Conclusion

Having overruled appellant's first issue, we affirm the trial court's order denying appellant's plea to the jurisdiction to the extent that the trial court did not dismiss appellee's breach of contract claim. Having sustained appellant's second and third issues, however, we reverse the trial court's order denying appellant's plea to the jurisdiction to the extent that the trial court did not dismiss appellee's claim for quantum meruit and its request for attorney's fees on its breach of contract claim. We therefore render a judgment dismissing appellee's quantum meruit claim and its request for attorney's fees on its breach of contract

claim with prejudice, and we remand this case for further proceedings on appellee's breach of contract claim.[15]

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED:  February 6, 2014

---

[15]We lift our August 20, 2013 order staying the trial court's proceedings.