ACCEPTED
03-15-00377-CV
6142265
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/20/2015 3:57:24 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00377-CV

## IN THE THIRD COURT OF APPEALS
### at AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/20/2015 3:57:24 PM
JEFFREY D. KYLE
Clerk

**CITY OF LEANDER, TEXAS; KENT CAGLE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CITY MANAGER OF THE CITY OF LEANDER; AND THOMAS YANTIS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ASSISTANT CITY MANAGER AND PLANNING DIRECTOR FOR THE CITY OF LEANDER**

Appellants

v.

**PREMAS GLOBAL LEANDER I, LLC**

Appellee

Cause No. 15-0088-C277; Appeal from the 277th Judicial District Court, Williamson County, Texas

## APPELLANTS' BRIEF

Knight & Partners
223 W. Anderson Lane, Ste. A-105
Austin, Texas 78752
(512) 323-5778 Telephone
(512)323-5773 Facsimile
**ATTORNEYS FOR APPELLANT**

**Bradford E. Bullock**
**State Bar No. 00793423**

**APPELLANTS REQUEST ORAL ARGUMENT**

# IDENTITY OF PARTIES & COUNSEL

In order that the members of this Court may determine disqualification and recusal under the Texas Rules of Appellate Procedure, Appellant certifies that the following is a complete list of the parties, attorneys, and other persons with a financial interest in the outcome of this lawsuit:

| **Appellant:** | **Attorneys for Appellant:** |
|---|---|
| CITY OF LEANDER, TEXAS | Knight & Partners<br>Attorneys at Law<br>Executive Office Terrace<br>223 West Anderson Lane, Suite A-105<br>Austin, Texas 78752<br>(512) 323-5778 Office<br>(512) 323-5773 Facsimile<br>Bradford E. Bullock<br>State Bar No. 00793423<br>bradford@cityattorneytexas.com |
| KENT CAGLE | Knight & Partners<br>Attorneys at Law<br>Executive Office Terrace<br>223 West Anderson Lane, Suite A-105<br>Austin, Texas 78752<br>(512) 323-5778 Office<br>(512) 323-5773 Facsimile<br>Bradford E. Bullock<br>State Bar No. 00793423<br>bradford@cityattorneytexas.com |
| THOMAS YANTIS | Knight & Partners<br>Attorneys at Law<br>Executive Office Terrace<br>223 West Anderson Lane, Suite A-105 |

Austin, Texas 78752
(512) 323-5778 Office
(512) 323-5773 Facsimile
Bradford E. Bullock
State Bar No. 00793423
bradford@cityattorneytexas.com

**Appellee:**

PREMAS GLOBAL LEANDER I, LLC

**Attorneys for Appellee:**

Howry, Breen & Herman LLP
1900 Pearl Street
Austin, Texas 78705-5408
(512) 474-7300 Office
(512) 474-8557 Facsimile
Sean E. Breen
State Bar No. 00783715
sbreen@howrybreen.com
Randy R. Howry
State Bar No. 10121690
rhowry@howrybreen.com
James Hatchitt
State Bar No. 24072478
jhatchitt@howrybreen.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL………………………………................................................... ii

INDEX OF AUTHORITIES……………………………………………….................... vii

JURISDICTIONAL STATEMENT…………………………………….......  .................3

STATEMENT OF THE CASE……………………………………………….............................3

STATEMENT ON ORAL ARGUMENT …………………………………….......................4

ISSUES PRESENTED FOR REVIEW……………………………………...............................4

STATEMENT OF FACTS…………………………………………….............................6

SUMMARY OF THE ARGUMENT………………………………...............................9

ARGUMENT …………………………………….......................................13

    *Issue One* – Appellee has not asserted a valid waiver of governmental immunity based on an alleged waiver by contract; therefore, Appellee's pleading affirmatively negates the trial court's jurisdiction over Appellants on this ground.
……………………………………………………………… 13

    *Issue Two* – Appellee has not asserted a claim for relief for which immunity has been waived under Texas Local Government Code § 271.152; therefore, Appellee's pleading affirmatively negates the trial court's jurisdiction over Appellants on this ground.
……………………………………………………………… 18

*Issue Three* – Appellee has not asserted a valid waiver of governmental immunity based on Appellants' conduct; therefore, Appellee's pleading affirmatively negates the trial court's jurisdiction over Appellants on this ground. …………………………………………………………………… 25

*Issue Four* – Appellee has not asserted a valid waiver of governmental immunity based on a proprietary function; therefore, Appellee's pleading affirmatively negates the trial court's jurisdiction over Appellants on this ground. …………………………………………………………………… 27

*Issue Five* – Appellee has not asserted a valid waiver of governmental immunity based on the Uniform Declaratory Judgments Act because it is incidental to and redundant of a breach of contract claim and a claim brought pursuant to Chapter 245 of the Local Government Code; therefore, Appellee's pleadings affirmatively negate the trial court's jurisdiction over Appellants on this ground. …………………………………………………………………. 30

*Issue Six* – Appellee has asserted a claim for declaratory relief and a writ of mandamus against Appellants the City, and Cagle and Yantis in their individual capacities, but such relief is only available against officials in their official capacities for purely ministerial acts; therefore, Appellee's pleading affirmatively negates the trial court's jurisdiction over Appellants the City, and Cagle and Yantis in their individual capacities, and all Appellants to the extent it asks them to perform non-ministerial acts. …………………………………………………………………. 33

*Issue Seven* – Appellee has not asserted a valid waiver of immunity for an award of attorneys' fees against Appellants because their claims are not cognizable under the relevant statute, or the statute itself does not provide for an award of attorneys' fees; therefore, Appellants' pleading affirmatively negates the trial court's jurisdiction to award attorneys' fees to Appellees. …………………………………………………………………… 38

PRAYER …………………………………………………………........................40

CERTIFICATE OF
COMPLIANCE ………………………………………………… ...........................41

CERTIFICATE OF
SERVICE ………………………………………………...............................................42

APPENDIX …………………………………………………. ...............................43

# INDEX OF AUTHORITIES

# CASES

*Alden v. Maine,* 527 U.S. 706, 757, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999)
……………………………………………………………………………….36

*Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991)
……………………………………………………………………………….37

*Associated Plumbing-Heating-Cooling Contractors of Tex., Inc.*, 31 S.W.3d at
753…………………………………………………………………………..39

*Bacon v. Tex. Historical Comm'n,* 411 S.W.3d 161, 172 (Tex. App.-Austin 2013,
no pet.) …………………………………………………………………25, 26

*Bexar Metro. Water Dist. v. Educ. & Econ. Dev. Joint Venture*, 220 S.W.3d 25, 29
(Tex. App.-San Antonio 2006, pet. dism'd)
……………………………………………………………………………….16

*Brenham Hous. Auth. v. Davies*, 158 S.W.3d 53, 56 (Tex. App.—Houston [14[th]
Dist.] 2005, no pet.) …………………………………………………………..14

*Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex. 1987)
………………………………………………………………………………...19

*City of Carrollton v. Singer*, 232 S.W.3d 790, 795 (Tex. App.—Fort Worth 2007,
pet. Denied) …………………………………………………………………...13

*City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n. 6 (Tex. 2009)
……………………………………………………………………….31, 35, 37

*City of Galveston v. State,* 217 S.W.3d 466, 469 (Tex. 2007)
……………………………………………………………………………….20

*City of Georgetown v. Lower Colorado River Auth*., 413 S.W.3d 803, 812-14 (Tex.
App.-Austin 2013), reh'g overruled (Nov. 13, 2013), review dismissed (May 30,
2014) ……………………………………………………………24, 29, 30, 32

*City of Houston v. Jackson*, 192 S.W.3d 764, 773 (Tex. 2006) ………………………………………………………………………….……39

*City of Houston v. Southern Electrical Services, Inc.*, 273 S.W.3d 739, 744 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) ……………………………………………………………………….….20

*City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011) ……………………………………………………………………………….14

*City of Mesquite v. PKG Contracting, Inc.,* 263 S.W.3d 444 (Tex. App.-Dallas 2008, pet. denied) ………………………………………………….………….24

*City of N. Richland Hills v. Home Town Urban Partners, Ltd.*, 340 S.W.3d 900, 908 (Tex. App.-Fort Worth 2011, no pet.) ………………………………………………………….…20, 23, 31

*City of Round Rock v. Whiteaker*, 241 S.W.3d 609, 628 (Tex. App.-Austin 2007, pet denied) ………………………………………………….………….…22, 36

*City of San Antonio v Rogers Shavano Ranch, Ltd*., 04-13-00623-CV, 2014 WL 631484, at *1, *6 (Tex. App.-San Antonio Feb. 19, 2014), review denied (May 1, 2015) (unreported case) …………………………….………………...…33,39

*City of Willow Park, Texas v. E.S.,* 424 S.W.3d 702, 709 (Tex. app.-Fort Worth 2014), review denied (Oct. 24, 2014) …………………………………17, 25, 27

*Clear Lake City Water Auth. v. MCR Corp.,* 2010 Tex. App. LEXIS 2194, 30 (Tex. App. Houston 1st Dist. Mar. 11, 2010) …………………………...………………20

*County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002) …………………………………………………………………….……13

*Dallas Area Rapid Transit v. Monroe Shop Partners, Ltd.,* 293 S.W.3d 839, 842 (Tex. App.-Dallas 2009, pet. denied) …………………………………………16

*Federal Sign v. Tex. S. Univ.,* 951 S.W.2d 401 (Tex. 1997) ……………………………………………………………………...15, 25, 26, 27

*Janek v. Harlingen Family Dentistry, P.C.,* 451 S.W.3d 97, 101 (Tex. App.-Austin 2014, no pet.)………………………………………………………...………..36, 37

*John G. and Marie Stella Kenedy Mem. Found. v. Dewhurst*, 90 S.W.3d 268, 289 (Tex. 2002) ……………………………………………………………………….39

*Mueller v. Beamalloy, Inc.,* 994 S.W.2d 855, 860 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ……………………………………………………………….....19

*Multi-County Water Supply Corp. v. City of Hamilton*, 321 S.W.3d 905, 908 (Tex. App.-Houston [14th Dist.] 2010, pet. denied) ………………………………………………………………………………….32

*New Braunfels v. Carowest Land, Ltd.*, 432 S.W.3d 501, 521 (Tex. App.-Austin 2014, no pet.) …………………………………………………………….……..26, 28

*Poole v. Karnack Indep. Sch. Dist.*, 344 S.W.3d 440, 445 (Tex. App.-Austin 2011. no pet.) …………………………………………………………………………39

*Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 379 (Tex. 2006) ……………………………………………………………………...…….15

*Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 414 (Tex. 2011) ……………………………………………………………………………….26

*State v. Langley,* 232 S.W.3d 363, 367 (Tex. App.-Tyler 2007, no pet.) …………………………………………………………………………….15

*State v. Oakley*, 227 S.W. 3d 58, 62 (Tex. 2007) ……………………………………………………………………………….21

*Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 353 (Tex. 2013) …………………………………………………………………….……….25

*Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004) …………………………………………………………….….…13, 14, 15

*Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002) ……………………………………………………………………………….18

*Texas Mun. Power Agency v. Pub. Util. Com'n,* 260 S.W.3d 647, 650 (Tex. App.-Austin 2008, no pet.)…………………………………………...………………33

*Texas State Bd. of Plumbing Examiners v. Associated Plumbing-Heating-Cooling Contractors of Texas, Inc.*, 31 S.W.3d 750, 753 (Tex. App.-Austin 2000, pet. abated) …………………………………………………………………………...33

*Texas S. Univ. v. State St. Bank & Trust Co.,* 212 S.W.3d 893, 908 (Tex. App.-Houston [1ˢᵗ Dist.] 2007, pet denied) …………………………….………………25

*Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002) ……………………………………………………………...14, 17, 31

*Tooke v. City of Mexia*, 197 S.W.3d 325, 332, 346 (Tex. 2006) ……………………………………………………………….………15, 16, 21, 24

*Travis County v. Pelzel & Assocs. Inc.,* 77 S.W.3d 246, 248 (Tex. 2002) ……………………………………………………………………………15, 17

*Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 701 (Tex. 2003) ………………………………………………………………………… 15, 21

## CONSTITUTION

None

## STATUTES

TEX. CIV. PRAC. & REM. CODE ANN. §51.014 (a) (8) ………………………………………………………………………...…….3

TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014 (b), (c)(2) ………………………………………………………………………...….4

TEX. CIV. PRAC. & REM. CODE ANN. §101.0215 (a) (29) (Vernon) (West) …………………………………………………………………………….29

TEX. CIV. PRAC. & REM. CODE ANN. §37.006(b) (Vernon) ……………………………………………………………………...…….30, 31

TEX. LOC. GOV'T CODE ANN. § 271.152 (Vernon)
……………………………………………………………………….9, 10

TEX. LOC. GOV'T CODE ANN. §143.015(b) (Vernon)
…………………………………………………………………….…22

TEX. LOC. GOV'T CODE ANN. §245.006 (Vernon)
……………………………………………………...……32, 38

TEX. LOC. GOV'T CODE ANN. §271.151(2)(A) (Vernon)
………………………………………………………………….……19

TEX. LOC. GOV'T CODE ANN. §271.151(2)(b) (West)
…………………………………………………………………….………22

TEX. LOC. GOV'T CODE ANN. §271.152 (Vernon)
……………………………………………………………...…4, 18, 19

TEX. LOC. GOV'T CODE ANN. §271.153
……………………………………………………………...……10, 21

TEX. LOC. GOV'T CODE ANN. §271.153(a) (Vernon)
…………………………………………………………………….…19

TEX. LOC. GOV'T CODE ANN. §271.153(c) (Vernon)
…………………………………………………………………..….21, 22

TEX. GOV'T CODE ANN. §311.034 (Vernon) (West)
……………………………………………………….…..…15, 18

TEX. GOV'T CODE ANN. §311.034 (West 2005 & Supp. 2009)
……………………………………………………………….……21

TEX. GOV'T CODE ANN. §311.011 (Vernon)
………………………………………………………….…………18

TEXAS TORT CLAIMS ACT (TEX. CIV. PRAC. & REM. CODE CH. 101)
…………..…………………………………………………28, 29

UNIFORM DECLARATORY JUDGMENT ACT (TEX. CIV. PRAC. & REM. CODE § 37.009) …………………………………………………………….…12

## **RULES**

TEX. R. APP. P. 39.1(b) ………………………………………………….…..4

TEX. R. APP. P. 39.1(c) ………………………………………………….…..4

TEX. R. APP. P. 39.1(e), 39.1(d) …………………………………...………..4

## **OTHER AUTHORITIES**

Acts 2013, 8rd Leg., ch. 1138 (H.B. 3511), §3, effective June 14, 2013………………………………………………………….……22

IN THE THIRD COURT OF APPEALS

at AUSTIN, TEXAS

**CITY OF LEANDER, TEXAS; KENT CAGLE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CITY MANAGER OF THE CITY OF LEANDER; AND THOMAS YANTIS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ASSISTANT CITY MANAGER AND PLANNING DIRECTOR FOR THE CITY OF LEANDER**

Appellants

v.

**PREMAS GLOBAL LEANDER I, LLC**

Appellee

Cause No. 15-0088-C277; Appeal from the 277th Judicial District Court, Williamson County, Texas

**APPELLANTS' BRIEF**

TO THE HONORABLE THIRD COURT OF APPEALS:

NOW COME Appellants, the CITY OF LEANDER, TEXAS; KENT CAGLE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CITY MANAGER OF THE CITY OF LEANDER; AND THOMAS YANTIS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ASSISTANT CITY

1

MANAGER AND PLANNING DIRECTOR FOR THE CITY OF LEANDER,

and submit this appellants' brief.

# JURISDICTIONAL STATEMENT

This is a timely, accelerated appeal pursuant to Texas Rule of Appellate Procedure 28.1 from an interlocutory order denying Appellants' plea to the jurisdiction.

# STATEMENT OF THE CASE

Appellee, a property developer, asserted claims for breach of contract (development agreement), specific performance, declaratory judgment, an injunction, mandamus and attorneys' fees under various theories and statutes against Appellants City of Leander and Kent Cagle and Thomas Yantis in their individual and official capacities. CR:6-88.[1] Appellants answered (CR:89-95) and filed a motion to dismiss for lack of jurisdiction, asserting various fatal defects in Appellee's pleadings. CR:96-162. Following a hearing on Appellants' jurisdictional plea, the trial court denied Appellants' motion to dismiss for lack of jurisdiction.[2] CR:329. Appellants filed their notice of appeal (CR:332-35) in conjunction with a motion to extend time to perfect notice with this Court. Because this is an appeal of an interlocutory order by a governmental entity, pursuant to Texas Civil Practice and Remedies Code § 51.014 (a)(8), which was filed and requested for hearing before the trial court not later than the 180th day after Appellants filed their original answer and/or first responsive pleading[3], all

---

[1]   The appellate record consists of a single volume of the Clerk's record. Therefore, references to the Clerk's Record shall be designated "CR:" followed by the relevant page number(s).

[2]   At the hearing in question, the trial court also heard Appellee's request for mandamus relief, which the trial court granted. CR:330-31. The mandamus order against Cagle and Yantis in their official capacities is not a subject of this appeal; however, Premas' pleadings also assert a right to mandamus relief against the City, and Cagle and Yantis in their individual capacities. The City and Cagle and Yantis, in their individual capacities, do challenge Premas' request for mandamus relief against them and contend that this claim should have been dismissed against them. Appellants also note that by operation of TEX. CIV. PRAC. & REM. CODE § 51.014(a) (8), (b), and (c), the trial court's mandamus order against Cagle and Yantis in their official capacities is stayed pending resolution of this appeal.

[3]   Appellants' answer was filed on February 20, 2015. CR:89. The trial court issued its order denying Appellants' plea to the jurisdiction on May 22, 2015. CR:329.

3

proceedings in the trial court are stayed pending resolution of this appeal. TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014 (b), (c)(2).

## STATEMENT ON ORAL ARGUMENT – ORAL ARGUMENT REQUESTED

The Court should grant oral argument for the following reasons:

a. The issues presented have not been authoritatively decided by this Court. See TEX. R. APP. P. 39.1(b). Appellee has asserted numerous, overlapping claims against Appellants, which implicate the application of governmental immunity in novel ways.

b. Oral argument would allow the Court to better analyze the complex legal issues presented in this appeal. See TEX. R. APP. P. 39.1(c). The facts and legal grounds for the claims alleged in Appellee's original petition compelled the trial court to analyze various aspects of governmental immunity in novel ways. Oral argument will assist the Court in understanding the interplay of the relevant claims and defenses.

c. Oral argument would significantly aid the Court in deciding this case. See TEX. R. APP. P. 38.1(e), 39.1(d). Oral argument will assist the Court in understanding the nuanced arguments related to governmental immunity, which are dispositive of this appeal.

## ISSUES PRESENTED FOR REVIEW

*Issue One* – Appellee has not asserted a valid waiver of governmental immunity based on an alleged waiver by contract; therefore, Appellee's pleading affirmatively negates the trial court's jurisdiction over Appellants on this ground.

*Issue Two* – Appellee has not asserted a claim for relief for which immunity has been waived under Texas Local Government Code § 271.152; therefore,

Appellee's pleading affirmatively negates the trial court's jurisdiction over Appellants on this ground.

*Issue Three* – Appellee has not asserted a valid waiver of governmental immunity based on Appellants' conduct; therefore, Appellee's pleading affirmatively negates the trial court's jurisdiction over Appellants on this ground.

*Issue Four* – Appellee has not asserted a valid waiver of governmental immunity based on a proprietary function; therefore, Appellee's pleading affirmatively negates the trial court's jurisdiction over Appellants on this ground.

*Issue Five* – Appellee has not asserted a valid waiver of governmental immunity based on the Uniform Declaratory Judgments Act because it is incidental to and redundant of a breach of contract claim and a claim brought pursuant to Chapter 245 of the Local Government Code; therefore, Appellee's pleadings affirmatively negate the trial court's jurisdiction over Appellants on this ground.

*Issue Six* – Appellee has asserted a claim for declaratory relief and a writ of mandamus against Appellants the City, and Cagle and Yantis in their individual capacities, but such relief is only available against officials in their official capacities for purely ministerial acts; therefore, Appellee's pleading affirmatively negates the trial court's jurisdiction over Appellants the City, and Cagle and Yantis in their individual capacities, and all Appellants to the extent it asks them to perform non-ministerial acts.

5

*Issue Seven* – Appellee has not asserted a valid waiver of immunity for an award of attorneys' fees against Appellants because their claims are not cognizable under the relevant statute, or the statute itself does not provide for an award of attorneys' fees; therefore, Appellants' pleading affirmatively negates the trial court's jurisdiction to award attorneys' fees to Appellees.

## STATEMENT OF FACTS

Appellant, the City of Leander, Texas (hereinafter "City") and Appellee Premas Global Leander I, LLC (hereinafter "Premas") entered into a written agreement entitled "Development and Annexation Agreement for Global Village" (hereinafter "Development Agreement") with an effective date of September 2, 2010, which contemplated the planned development of slightly more than 65 acres of property. CR:34-82. The Development Agreement is for a ten-year term (CR:50), and it contains several deadlines by which Premas had to perform certain acts. CR:41. Specifically, the Development Agreement provided that Premas shall: apply for final plat approval of Phase One within 180 days of the effective date; apply for a site development permit within three years of the effective date (September 2, 2013); and apply for a final plat or preliminary plan within four years of the effective date (September 2, 2014). CR:41. The Development Agreement also provided that time was of the essence in the performance of the agreement. CR:50.

On September 19, 2014, the City sent a notice of default to Premas, indicating that it was in default of its obligations to apply for a site development permit within three years and apply for a final plat or preliminary plan within four years of the effective date. CR:84. The City advised Premas that, pursuant to the terms of the Development Agreement (CR:46), Premas had thirty days to cure these defaults in its obligations to perform. CR:84. On October 28, 2014, the City sent notice to Premas that its thirty-day cure period had expired and that due to its failure to cure by submitting the applicable applications to the City, the City considered the Development Agreement terminated. CR: 85:86.

Following the expiration of the 30 day cure period, Premas ultimately attempted to submit applications for a site development permit and final or preliminary plat on December 15, 2014 (CR:18), which the City refused to accept or process on the grounds that the City considered the Development Agreement terminated. CR:87-88. Thereafter, Premas filed its Original Petition, asserting various causes of action against the City and Appellants Kent Cagle (hereinafter "Cagle") and Thomas Yantis (hereinafter "Yantis") in both their official and individual capacities. CR:6-33. Premas asserted claims for (a) breach of contract against the City, seeking specific performance of the Development Agreement, (b) a request for declaratory relief against the City that the Development Agreement is valid and enforceable, (c) a writ of mandamus against all Appellants ordering them

7

to accept and process Premas' late applications, (d) an application for temporary and permanent injunction against the City, requiring specific performance of the Development Agreement, and in support thereof, asserted various alleged waivers of immunity. CR:19-31.

Appellants answered (CR:89-95) and filed a plea to the jurisdiction, asserting that the trial court was without jurisdiction over Appellants with regard to specific claims asserted by Premas because Premas' pleadings affirmatively negated the trial court's jurisdiction. CR:96-162. Premas also requested a hearing on its requests for mandamus relief (CR:251-311), which the trial court granted at the same time it denied Appellants' plea to the jurisdiction. CR:330-31. The trial court ordered Cagle and Yantis in their official capacities to accept the applications tendered by Premas on or about December 15, 2014, and review the applications according the applicable law and rules in effect on September 2, 2010. CR: 330-31.[4]

---

[4] Appellants Yantis and Cagle have accepted the tendered applications for processing and are not appealing the trial court's order granting mandamus in their official capacities; however, Premas' pleadings asserted mandamus against all Defendants, including the City and Cagle and Yantis in their individual capacities. The City and Cagle and Yantis, in their individual capacities, do challenge Premas' request for mandamus relief against them and contend that this claim should have been dismissed against them. Appellants also note that by operation of Texas Civil Practice and Remedies Code §§ 51.014 (b), (c), the mandamus order against Cagle and Yantis in their official capacities is stayed pending resolution of this appeal.

8

Thereafter, on June 18, 2015, Appellants filed their notice of interlocutory appeal (CR:332-35) and concurrently filed a motion for extension of time to file notice of interlocutory appeal with this Court. On June 30, 2015, the Williamson County District Clerk filed the clerk's record with the Court. CR:336-37.

## SUMMARY OF THE ARGUMENT

Under the governmental immunity doctrine, in a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. Premas failed to do so in its claims for breach of contract, declaratory judgment, injunction, and mandamus against Appellants for a variety of reasons.

First, Premas asserted that the City waived immunity by virtue of a provision in the Development Agreement that purports to waive immunity. CR:124-25. The law is clear, however, that only the Legislature can waive governmental immunity by clear and unambiguous language. Contractual provisions purporting to waive immunity have been expressly rejected as valid grounds for waiver and Premas' pleadings failed to invoke the trial court's jurisdiction on its breach of contract claim on this ground. The trial court committed reversible error by denying the City's plea on this ground.

Second, Premas asserted that § 271.152 of the Texas Government Code clearly and unambiguously waived the City's immunity for its breach of contract

9

claim against the City. Section 271.152 is a valid waiver of immunity for certain contracts, and the City does not dispute that the Development Agreement is a written contract for the provision of goods or services. However, § 271.153 also expressly limits the remedies that are available to claimants, including a limit on the type of money damages a claimant can seek and a strict limit on the type of contracts for which specific performance is available. Premas has not asserted a claim for any money damages under its breach of contract claim, but rather only seeks specific performance of the Development Agreement. Premas' pleadings, however, affirmatively negate the trial court's jurisdiction to award specific performance for this kind of contract. Premas' pleadings fail to invoke the trial court's jurisdiction on its breach of contract claim on this ground. The trial court committed reversible error by denying the City's plea on this ground.

Third, Premas asserted that the City waived its immunity from suit by "misleading conduct." CR:28. This claim is simply another iteration of Premas' assertion that the City waived immunity by contract and is equally unavailing for the same reasons. The trial court committed reversible error by denying the City's plea on this ground.

Fourth, Premas asserted that the City was not entitled to immunity on its breach of contract claim because the Development Agreement constituted a proprietary, as opposed to a governmental action. The Legislature and the courts

10

have previously classified contracts such as the Development Agreement as governmental actions, particularly where, as here, the Development Agreement addresses land-uses that extend beyond the City's corporate limits into its extraterritorial jurisdiction. The trial court committed reversible error by denying the City's plea on this ground.

Fifth, Premas asserted a Uniform Declaratory Judgment Act (hereinafter "UDJA") claim against the City, seeking a declaration that the Development Agreement is valid and enforceable, and an award of attorneys' fees pursuant thereto. The UDJA, however, does not waive a city's immunity from suit for breach of contract claims, and the trial court committed reversible error by not granting the City's plea on this ground. Moreover, Premas also asserted a claim for declaratory relief pursuant to Chapter 245 of the Local Government Code. While Chapter 245 waives a city's immunity from suit for certain actions, including injunctive relief, mandamus, and declarations related to "permits," which the Development Agreement is, Chapter 245 does not waive a city's immunity for an award of attorneys' fees and a claimant cannot bootstrap a Chapter 245 claim to a UDJA claim simply for the purpose of obtaining attorneys' fees. The trial court committed reversible error by not granting the City's plea on this ground.

Sixth, the only relief Premas seeks (aside from impermissible claims for attorneys' fees, which will be discussed separately) is for equitable relief

11

(injunction and/or mandamus) and specific performance of a contract with the City. Neither injunctive relief nor specific performance is available against a city official in their individual capacities on the facts pled by Premas because such relief would not bind the actual party to the Development Agreement – the City. And the Texas Supreme Court has made it clear that mandamus is only available against officials in their official capacities. Therefore, Premas' pleadings affirmatively negate the trial court's jurisdiction over Cagle and Yantis in their individual capacities. The trial court committed reversible error by not granting Cagle and Yantis' plea on this ground in their individual capacities.

Seventh, in addition to requesting a mandamus order against Cagle and Yantis in their individual capacities, Premas' pleadings also request a mandamus order against the City. Again, the Texas Supreme Court has made it clear that mandamus is only available against officials in their official capacities and Premas' pleadings affirmatively negate the trial court's jurisdiction over the City on this ground. The trial court committed reversible error by not granting the City's plea on this ground.

Eighth, Premas has asserted a claim for attorneys' fees under section 37.009 of the UDJA, but because the relief that Premas seeks is redundant of the relief afforded under Chapter 245 of the Local Government Code, Premas' UDJA claim is nothing more than an impermissible attempt to bootstrap an attorney fee award

12

to their underlying claim.  This Court has previously addressed this very issue and found jurisdiction under the UDJA lacking for an attorneys' fee award under similar facts.  The trial court committed reversible error by not granting Appellants' plea on this ground.

## ARGUMENT

*Issue One* – Appellee has not asserted a valid waiver of governmental immunity based on an alleged waiver by contract; therefore, Appellee's pleading affirmatively negates the trial court's jurisdiction over Appellants on this ground.

As a preliminary matter, the rules governing a plea to the jurisdiction are germane to the determination of this issue.  A plea to the jurisdiction can challenge either the pleadings or the existence of jurisdictional facts.  *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004).  When a plea to the jurisdiction challenges a plaintiff's pleadings, the question is whether plaintiff has alleged sufficient facts to demonstrate the court's subject matter jurisdiction over the matter.  *Id.*  Courts construe pleadings liberally in the plaintiff's favor and look to the pleader's intent.  *City of Carrollton v. Singer*, 232 S.W.3d 790, 795 (Tex. App.--Fort Worth 2007, pet. denied).  When the pleadings neither allege sufficient facts nor demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend.  *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).  If, however, the pleadings

13

affirmatively negate jurisdiction, then the plea to the jurisdiction may be granted without leave to amend. *Id.*

To prevail on the plea, the defendant must show that even if all the plaintiff's pleaded allegations are true, an incurable jurisdictional defect remains on the face of the pleadings that deprives the trial court of subject matter jurisdiction. *Brenham Hous. Auth. v. Davies*, 158 S.W.3d 53, 56 (Tex. App.--Houston [14th Dist.] 2005, no pet.). Appellate courts review a trial court's ruling on a plea to the jurisdiction de novo. *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004).

Cities enjoy governmental immunity from suit for actions undertaken in their governmental capacity, including contracting. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). The Texas Supreme Court has clearly stated that suits to establish a contract's validity, enforce its performance, or establish a governmental entity's liability cannot proceed without legislative permission. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002) (suits against governmental officials seeking to establish contract's validity, **enforce performance under a contract**, or impose contractual liabilities are suits against the governmental entity and cannot be maintained without legislative permission) (emphasis supplied). Courts defer to the Legislature because the decision to expend public funds for alleged contractual liability involves policy

14

choices more properly made by a legislative body. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006).

Governmental immunity from suit is a subject-matter jurisdiction question, and cannot be waived or conferred by agreement, must be considered by a court *sua sponte*, and may even be raised for the first time on appeal. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 379 (Tex. 2006). Without subject-matter jurisdiction, a court cannot render a valid judgment. *Miranda*, 133 S.W.3d at 225-26.

In order to proceed in a claim against a city, even under contract, a plaintiff must plead an applicable, clear and unambiguous waiver of immunity from suit. TEX. GOV'T CODE ANN. §311.034 (Vernon); *Travis County v. Pelzel & Assocs. Inc.*, 77 S.W.3d 246, 248 (Tex. 2002). It is not enough for a party to simply allege a breach of contract claim as they would against a private party – a city's immunity from suit is not automatically waived merely by entering into a contract. *Federal Sign v. Tex. S. Univ.*, 951 S.W.2d 401 (Tex. 1997); *State v. Langley*, 232 S.W.3d 363, 367 (Tex.App.—Tyler 2007, no pet.). And because immunity waivers are strictly construed in favor of the governmental entity, the Legislature's intent to waive immunity must be "unmistakable." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 701 (Tex. 2003) (courts construe ambiguities in manner that retains State's immunity).

15

A governmental entity's immunity from suit for breach of contract extends to suits seeking specific performance.  See *Bexar Metro. Water Dist. v. Educ. & Econ. Dev. Joint Venture*, 220 S.W.3d 25, 29 (Tex. App.—San Antonio 2006, pet. dism'd) (suit for declaratory and injunctive relief seeking to "compel performance of or to enforce rights arising out of a contract" with governmental entity barred by immunity).  When the only relief that a party seeks is not permitted by an applicable immunity wavier, the governmental entity retains immunity from the claim.  See *id*. If a plaintiff seeks only excluded relief, then immunity is not waived.  See *Dallas Area Rapid Transit v. Monroe Shop Partners, Ltd.*, 293 S.W.3d 839, 842 (Tex. App.—Dallas 2009, pet. denied), citing *Tooke v. City of Mexia*, 197 S.W.3d 325, 346 (Tex.2006) (where plaintiffs' only claim was for lost profits, which are excluded consequential damages, immunity not waived).

Premas has asserted a breach of contract claim against the City, and in support of this claim alleges that the City waived immunity by contractual provision.  CR:26.  Premas relies on section 9.03 of the Development Agreement, which provides that the City of Leander "waives its governmental immunity from suit and immunity from liability as to any action brought by Premas to pursue equitable remedies available under the Agreement."  CR:46-47.  This section also provides that the City waives any claim or defense that any provision of the Agreement is unenforceable on the ground that it constitutes an impermissible

16

delegation or impairment of the performance of the City's governmental functions. CR:47. The question is not so much whether the language in the Development Agreement purports to waive the City's immunity from suit, but rather whether such language is enforceable.

In construing a contractual provision that expressly purported to waive governmental immunity, courts have held that neither a governmental entity nor its agents can waive immunity even by signing a contract with such a provision. *City of Willow Park, Texas v. E.S.*, 424 S.W.3d 702, 709 (Tex. App.—Fort Worth 2014), review denied (Oct. 24, 2014) citing *Texas Natural Res. Conservation Com'n v. IT-Davy*, 74 S.W.3d 849, 858 (Tex. 2002). Premas' contentions to the contrary are not grounded in the law. Premas' original petition cites *Travis Cnty. v. Pelzel & Assocs, Inc*., (CR:26) for the proposition that the Texas Supreme Court has authorized waivers of immunity by contract or conduct. 77 S.W.3d 246, 248 (Tex. 2002). Premas' reliance on *Pelzel* is misplaced for several reasons.

First, the court specifically declined the claimants request to adopt a waiver-by-conduct exception to immunity. *Pelzel* at 251-52. Second, Texas courts have been consistent and clear in their holdings for more than 150 years that "it is the Legislature's sole province to waive or abrogate sovereign immunity." *IT-Davy* at 857 (declining to recognize waiver-by-conduct exception). Third, the Legislature's own statutory pronouncement belies the fallacy of Premas' interpretation of *Pelzel*.

TEX. GOV'T CODE ANN. § 311.034 (West) ("In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, **a statute** shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.") (emphasis supplied).

Premas failed to invoke the trial court's jurisdiction for a breach of contract claim against the City based on a contractual provision purporting to waive the City's immunity from suit and the trial court erred in denying the City's plea to the jurisdiction on this ground. The City respectfully requests that the Court reverse the trial court and render judgment on behalf of the City and dismiss Premas' breach of contract claim on this ground.

> ***Issue Two*** – Appellee has not asserted a claim for relief for which immunity has been waived under Texas Local Government Code § 271.152; therefore, Appellee's pleading affirmatively negates the trial court's jurisdiction over Appellants on this ground.

Statutory construction is a question of law, reviewed de novo. *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). In construing a statute, courts attempt to determine and to give effect to the Legislature's intent. *Id*. Courts look first to the plain and common meaning of the language of the statute, and may not construe a provision of a statute so as to render another provision absurd or meaningless. See TEX. GOV'T CODE ANN. § 311.011 (Vernon) (words and phrases shall be read in context and construed according to rules of grammar

18

and common usage); see also *Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex. 1987) ("We will give effect to all the words of a statute and not treat any statutory language as surplusage if possible."); *Mueller v. Beamalloy, Inc.*, 994 S.W.2d 855, 860 (Tex. App.--Houston [1st Dist.] 1999, no pet.) ("In construing statutes as a whole, we consider all provisions of an act and decline interpretations that produce absurd results or render terms meaningless.").

Premas asserts that its claim for breach of contract is authorized by Section 271.152 of the Texas Local Government Code (CR:26), which provides a limited waiver of governmental immunity. TEX. LOC. GOV'T CODE ANN. §271.152 (Vernon) (immunity is waived for breach of contract claims, "subject to the terms and conditions of this subchapter."); TEX. LOC. GOV'T CODE ANN. §271.153(a) (Vernon) (recoverable damages are limited). This waiver is for the limited purpose of adjudicating a claim for breach of those contracts subject to that subchapter – that is, properly executed contracts for "goods or services." TEX. LOC. GOV'T CODE ANN. §271.151(2)(A) (Vernon) (written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity).

The City does not dispute that the Development Agreement (CR:34-52) provides for the provision of "goods or services" as contemplated by the limited

19

waiver of sections 271.151 and 271.152, similar to the agreement at issue in *City of N. Richland Hills v. Home Town Urban Partners, Ltd.*, 340 S.W.3d 900, 908 (Tex. App.—Fort Worth 2011, no pet.) (development agreement required developer to construct, at developer's cost, infrastructure improvements). Nor does the City contend that either party failed to properly execute the contract or that it was executed without authorization. CR:52.

Rather, because its pleadings seek relief and recovery of damages that the Legislature has not authorized, Premas failed to invoke the court's jurisdiction by alleging facts that do not support a permissible claim for relief. See *Clear Lake City Water Auth. v. MCR Corp.*, 2010 Tex. App. LEXIS 2194, 30 (Tex. App. Houston 1st Dist. Mar. 11, 2010) (plaintiff satisfies section 271.153(a)(1) by alleging facts to support its claim that there is a balance due and owing under the contract), citing *City of Houston v. Southern Electrical Services, Inc.*, 273 S.W.3d 739, 744 (Tex. App.--Houston [1st Dist.] 2008, pet. denied) ("Section 271.153 does not retract the privilege granted in Section 271.152 to adjudicate the claim for breach, **if a plaintiff alleges facts to support such a claim and seeks recovery only of damages to the extent allowed**.") (emphasis supplied).

Courts require clear immunity waivers because of the heavy presumption in favor of immunity. *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007).

20

So heavy is this presumption that special rules of construction apply to statutes that are asserted to be waivers of immunity. *State v. Oakley*, 227 S.W.3d 58, 62 (Tex. 2007) (quoting TEX. GOV'T CODE ANN. § 311.034 (West 2005 & Supp. 2009). That is, no statute should be construed to waive immunity unless there is no doubt that it was the Legislature's intent to do so. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 701 (Tex. 2003) (court requires Legislature to express intent to waive immunity "beyond doubt."). A statement is unambiguous if it is not subject to more than one interpretation. Because waivers must be strictly construed, immunity is waived only to the extent a claim falls clearly within the parameters set forth by the Legislature. See *id*.

This principle applies with equal force to a party's request for relief. *Tooke* at 346 (plaintiff's claim for damages on garbage collection contract was not within limitations set forth in § 271.153 causing court to conclude immunity from suit had not been waived). Specific performance and injunctive relief are clearly unavailable as a remedies because the Development Agreement (CR:34-52) does not fit within the limited waiver of immunity for specific performance and injunction authorized by the Legislature. TEX. LOC. GOV'T CODE ANN. §271.153(c) (Vernon) ("Actual damages, specific performance, or injunctive relief may be granted in an adjudication brought against a local governmental entity for breach

21

of a contract described by Section 271.151(2)(B)."); TEX. LOC. GOV'T CODE ANN. 271.151(2)(b) (West) ("a written contract, including a right of first refusal, regarding the sale or delivery of not less than 1,000 acre-feet of reclaimed water by a local governmental entity intended for industrial use."). The Legislature added this additional remedy for the purchase of reclaimed water in 2013. Acts 2013, 83rd Leg., ch. 1138 (H.B. 3511), § 3, effective June 14, 2013. Certainly, had the Legislature intended to make specific performance and injunctive relief available for all contract claims subject to this subchapter, it could have easily made that intent clear, but when it amended the Code, it specifically limited these remedies to only one kind of contract. TEX. LOC. GOV'T CODE ANN. §271.153(c) (Vernon).

By contrast, when the Legislature intends to waive immunity and allow equitable relief against a governmental entity, it has expressly said so in other statutory immunity waivers. See, e.g., *City of Round Rock v. Whiteaker*, 241 S.W.3d 609, 629 (Tex. App.-Austin 2007, pet. denied) ("In such appeals, '[t]he district court may grant the appropriate legal or equitable relief necessary to carry out the purposes of this chapter,' which 'may include reinstatement or promotion with back pay if an order of suspension, dismissal or demotion is set aside.' *Id.* § 143.015(b).") citing LOC. GOV'T CODE ANN. §143.015(b) (Vernon). Based on the forgoing authority, there is only one reasonable conclusion - the Legislature has

spoken with unmistakable clarity and specific performance and injunctive relief are not available remedies for general "goods and services" breach of contract claims brought under Chapter 271.

Premas' claim for breach of contract against the City under Chapter 271 should not be allowed to proceed because it is precluded from obtaining the relief that it seeks under this limited immunity waiver. Forcing a governmental entity to expend the time and resources litigating a claim where it is immune from the relief a litigant seeks, regardless of whether the contract is one for "goods and services," undermines the public policy of immunity - "[s]ubjecting the government to liability may hamper governmental functions by shifting tax resources away from their intended purposes toward defending lawsuits and paying judgments." *IT–Davy* at 854. Therefore, the City is immune from claims for specific performance of a contract and injunctive relief unless the Legislature waives that immunity, and it has not done so for contracts like the Development Agreement (CR:34-52). *Id.* at 855.

Cases like *City of North Richland Hills v. Home Town Urban Partners, Ltd.* are distinguishable from the instant matter because in addition to a claim for specific performance, for which the city claimed immunity, the developer had also asserted a claim for permissible money damages, thereby invoking the trial court's

jurisdiction. *Home Town Urban Partners, Ltd*. at 910. Likewise, *City of Mesquite v. PKG Contracting, Inc.*, 263 S.W.3d 444 (Tex. App.—Dallas 2008, pet. denied) is also distinguishable for the same reasons. Although the city claimed that the contractor's pleadings failed to invoke the trial court's jurisdiction because its alleged damages were not authorized by Chapter 271, the Dallas Court of Appeals disagreed. *Id*. at 448. It held that it could not determine on the record before it that the contractor's money damage claim was excluded under the statute. *Id*. It contrasted its holding with that of *Tooke*, noting that the supreme court was able to determine that the claimant had only asserted a claim for lost profits, which were clearly excluded by Chapter 271. *Id*.

Premas asserts **no** claim for money damages owing under the Development Agreement, but rather only a claim for specific performance and/or an injunction compelling the City to perform (CR:26-28), the effect of which would be the same as specific performance. This simplifies the analysis, allowing the Court to conclude that Premas has failed to invoke the trial court's jurisdiction under Chapter 271. See *id.* Based on the foregoing, Premas failed to invoke the trial court's jurisdiction and the trial court committed reversible error when it denied the City's plea to the jurisdiction on this ground. CR:329. The City respectfully requests that the Court reverse the trial court and render judgment on behalf of the City on this ground, dismissing this claim against the City.

*Issue Three* – Appellee has not asserted a valid waiver of governmental immunity based on Appellants' conduct; therefore, Appellee's pleading affirmatively negates the trial court's jurisdiction over Appellants on this ground.

Although the waiver-by-conduct issue has largely been addressed in Appellants' first issue, which Appellants incorporate herein by reference, as if copied verbatim, Premas separately asserts that Texas law recognizes that a city can waive immunity to suit through "misleading conduct." CR:28. In support of this proposition, Premas cites *Texas S. Univ. v. State St. Bank & Trust Co.*, 212 S.W.3d 893, 908 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) for the proposition that the City waived its immunity by executing a contract that included an immunity waiver provision. CR:23, 46-47.

Premas' circular reasoning does not support a waiver in light of clear precedent, which provides that contractual provisions purporting to waive immunity are invalid. See *City of Willow Park, Texas v. E.S.*, 424 S.W.3d at 709. Indeed, this Court's own precedent, cited by the Fort Worth Court of Appeals, supports the proposition that the hypothetical "waiver-by-conduct" scenarios envisioned by Justice Hecht's concurring opinion in *Federal Sign* have never been adopted by the Texas Supreme Court. See *id.*, (citing *Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 353 (Tex.2013) (reiterating that it is the legislature's "sole province" to waive or abrogate sovereign immunity); and *Bacon v. Tex.*

*Historical Comm'n*, 411 S.W.3d 161, 172 (Tex.App.-Austin 2013, no pet.) (explaining that the contemporary rationale for governmental immunity is that the legislature "is best suited to make the policy-laden judgments as to if and how ... government resources should be expended")). Indeed, every time the Texas Supreme Court has been given the opportunity to give life to *Federal Sign*'s hypothetical waiver-by-conduct scenarios, it has soundly rejected the proposition. *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 414 (Tex. 2011) (rejecting invitation to recognize a waiver-by-conduct exception in a breach-of-contract suit against a governmental entity).

Recently, this Court discussed the waiver-by-conduct issue again and explained that if it "has any current viability, it has lived on within the rubric not of whether sovereign or governmental immunity has been waived, per se, but in the threshold determination of whether immunity applies in the first place." *City of New Braunfels v. Carowest Land, Ltd.*, 432 S.W.3d 501, 521 (Tex. App.—Austin 2014, no pet.). *Carowest* stands for the principle that the kind of conduct that implicates whether immunity applies in the first place is, for example, a claim for affirmative relief by the governmental entity that causes it to leave its sphere of immunity and consider whether a plaintiff's offsetting claim for monetary relief is germane to that affirmative request for relief. *Id*. at 523. *Carowest* is instructive for its inapplicability to the facts alleged by Premas. Premas asserts no claims for

monetary relief and this appellate record contains no evidence that the City has asserted an affirmative claim for relief in response. Thus, the City has not left its "sphere of immunity" and waiver-by-conduct is not implicated. See *id*.

Moreover, if the inclusion of an immunity waiver provision in a contract were sufficient to implicate the hypothetical "waiver-by-conduct" scenario implicated by dictum in *Federal Sign*, then the supreme court's refusal to address this issue and overturn *City of Willow Park, Texas v. E.S.* is somewhat inexplicable. Instead, the supreme court denied review on October 24, 2014. *City of Willow Park, Texas v. E.S.*, 424 S.W.3d 702. Based on the foregoing, Premas failed to invoke the trial court's jurisdiction and the trial court committed reversible error when it denied the City's plea to the jurisdiction on this ground. CR:329. The City respectfully requests that the Court reverse the trial court and render judgment on behalf of the City on this ground, dismissing this claim against the City.

> ***Issue Four*** – Appellee has not asserted a valid waiver of governmental immunity based on a proprietary function; therefore, Appellee's pleading affirmatively negates the trial court's jurisdiction over Appellants on this ground.

Premas asserts that the City was engaging in a proprietary function by virtue of entering into the Development Agreement; therefore, it is not entitled to assert immunity, or so Premas contends. CR:28. This Court has addressed this issue and

27

concluded that the governmental-proprietary function dichotomy applies to contracts and that Chapter 271 of the Local Government Code does not statutorily abrogate that distinction.  See *City of Georgetown v. Lower Colorado River Auth*., 413 S.W.3d 803, 812-14 (Tex. App.—Austin 2013), reh'g overruled (Nov. 13, 2013), review dismissed (May 30, 2014).   Since the dichotomy applies, the question is whether the Development Agreement contemplates governmental or proprietary functions.

This Court explained the differences between governmental and proprietary functions -   "a [city performs a] governmental function when it acts 'as the agent of the State in furtherance of general law for the interest of the public at large,'" whereas a proprietary function is "'performed by a city, in its discretion, primarily for the benefit of those within the corporate limits of the municipality.'" *Id*. (internal citations omitted).   The Court also recognized the Legislature's constitutional authority to classify governmental and proprietary functions, noting that the Texas Tort Claims Act provides a non-exclusive list of functions so defined. *Id*. at 809.

More recently, this Court also applied the governmental-proprietary distinction to a contract and had to determine whether the activities contemplated by the contract were governmental or proprietary.   *Carowest* at 519-20.   In concluding that they were governmental, this Court took note of various

28

governmental functions defined by the Tort Claims Act and concluded that the contract fit within those activities. *Id.* Here, the Development Agreement not only indicates that a significant portion of the applicable property is in the City's extraterritorial jurisdiction, but also that the purpose of the contract is to control the development standards of the property, including "the uniform review and approval of plats and development permits for the Project," and that the authority for entering into the agreement exists under Chapters 212 and 245 of the Local Government Code (platting and vested rights, respectively). CR:34-35.

Among the governmental functions defined by the Tort Claims Act, the Legislature has defined zoning, planning, and plat approval as a governmental function. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215 (a) (29) (West). Because the Legislature has deemed these activities governmental functions, and because the Development Agreement was entered into for the purpose of controlling development standards, including platting and permit review, it clearly contemplates governmental functions only the City could perform. CR:34-35. Moreover, because a significant portion of the property was in the City's extraterritorial jurisdiction, the Development Agreement could not be primarily for the benefit of those within the corporate limits of the City. See *City of Georgetown v. Lower Colorado River Auth*. at 812-14. Based on the foregoing, Premas failed to invoke the trial court's jurisdiction and the trial court committed reversible error

when it denied the City's plea to the jurisdiction on this ground. CR:329. The City respectfully requests that the Court reverse the trial court and render judgment on behalf of the City on this ground, dismissing this claim against the City.

> ***Issue Five*** – Appellee has not asserted a valid waiver of governmental immunity based on the Uniform Declaratory Judgments Act because it is incidental to and redundant of a breach of contract claim and a claim brought pursuant to Chapter 245 of the Local Government Code and it has; therefore, Appellee's pleadings affirmatively negate the trial court's jurisdiction over Appellants on this ground.

When governmental immunity applies, governmental entities cannot be sued without legislative consent, "and then only in the manner indicated by that consent." *City of Georgetown v. Lower Colorado River Auth*. at 808 (internal citation omitted). Although a governmental entity necessarily waives immunity from liability when it enters a contract, unless the governmental entity's immunity from suit has been waived for the breach of contract claim, the suit may not proceed. *Id*. Premas asserts that the Uniform Declaratory Judgment Act ("UDJA") waives the City's immunity for a declaration that the Development Agreement is in effect. CR:20-21. The UDJA is also the statutory basis of Premas' claim for attorneys' fees. CR:21. Premas' reliance on the UDJA as a waiver of the City's immunity is misplaced.

The Uniform Declaratory Judgment Act ("UDJA") provides a limited waiver of a governmental entity's immunity from suit. TEX. CIV. PRAC. & REM.CODE

30

ANN. § 37.006(b) (Vernon); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n. 6 (Tex.2009). This waiver is limited to declarations construing an ordinance or a statute. *Heinrich*, 284 S.W.3d at 373 n. 6. The UDJA does not, however, waive a city's immunity from suit by permitting a party to recast a breach of contract claim as a declaratory judgment. *Home Town Urban Partners, Ltd*., 340 S.W.3d at 911 ("A party may not seek a declaratory judgment 'only in an attempt to have the trial court decide its breach-of-contract claim.'") (internal citation omitted). Premas seeks the following declarations (among others): that the Development Agreement is valid and enforceable; that Premas has performed its obligations under the Agreement and is not in breach; that the City is in breach of the Agreement; and an order compelling the City to specifically perform its obligations under the Development Agreement. CR:20-21.

Compare that to Premas' breach of contract allegations where Premas alleges: that the Development Agreement requires the City to accept development applications; that Premas is not in breach of the Development Agreement; that the City is in breach of the Agreement; and temporary and permanent injunctive relief in the form of an order for the City to specifically perform its obligations under the Development Agreement. CR:19-20.

There is "but one route to the courthouse" for a breach of contract claim against a governmental entity in a breach of contract claim (*IT-Davy* at 860), and

31

that route is a clear and unambiguous waiver of immunity, "and then only in the manner indicated by that consent." *City of Georgetown v. Lower Colorado River Auth.* at 808 (internal citation omitted). In its previous issues, Appellants have shown that Premas has failed to assert a valid waiver of immunity for Premas' berach of contract claim. Likewise, the UDJA also fails to waive the City's immunity under the facts pled in Premas' original petition, and Premas cannot recast its breach of contract claim as a declaratory judgment. See *id*. Because Premas' UDJA claim is asking for a declaration of rights not under a municipal ordinance, but rather a contract, Premas failed to invoke the trial court's jurisdiction under the UDJA. See *Multi-County Water Supply Corp. v. City of Hamilton*, 321 S.W.3d 905, 908 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (pleadings contain no request to construe a statute or ordinance; therefore, jurisdiction under UDJA lacking).

Premas' UDJA claim is also incidental to and redundant of its claim against Cagle and Yantis in their official capacities brought under Chapter 245 of the Local Government Code (CR:29) for injunctive relief, mandamus and/or a declaration related to a "permit." TEX. LOC. GOV'T CODE ANN. § 245.006 (a) (West) ("This chapter may be enforced only through mandamus or declaratory or injunctive relief."). This Court has on multiple occasions concluded that where a claim under the UDJA is redundant or duplicative of another claim that will

32

"resolve the exact issues at hand," jurisdiction under the UDJA will not lie. See, e.g., *Texas Mun. Power Agency v. Pub. Util. Com'n*, 260 S.W.3d 647, 650 (Tex. App.—Austin 2008, no pet.); *Texas State Bd. of Plumbing Examiners v. Associated Plumbing-Heating-Cooling Contractors of Texas, Inc.*, 31 S.W.3d 750, 753 (Tex. App.—Austin 2000, pet. abated) (when specific statutory scheme addresses controversy, UDJA does not apply because such relief would be redundant). In an unreported case, the San Antonio Court of Appeals, citing this Court's decision in *Texas State Bd. of Plumbing Examiners v. Associated Plumbing-Heating-Cooling Contractors of Texas, Inc.*, applied this principle to a Chapter 245 claim. See *City of San Antonio v. Rogers Shavano Ranch, Ltd.*, 04-13-00623-CV, 2014 WL 631484, at *1 (Tex. App.—San Antonio Feb. 19, 2014), review denied (May 1, 2015) (unreported case). Based on the foregoing, Premas failed to invoke the trial court's jurisdiction and the trial court committed reversible error when it denied the City's plea to the jurisdiction on this ground. CR:329. The City respectfully requests that the Court reverse the trial court and render judgment on behalf of the City on this ground, dismissing this claim against the City.

> *Issue Six* – Appellee has asserted a claim for declaratory relief[5] and a writ of mandamus against Appellants the City, and Cagle and Yantis

---

[5] This is distinct from Premas' claim under the UDJA, which cannot proceed as discussed in Appellants' Issue Five. Premas has also asserted a waiver of immunity under Chapter 245 of the Local Government Code. CR:29. Construing Premas' pleadings (very) liberally, because § 245.006 provides that the only relief available under this waiver is for injunctive relief, mandamus and a declaratory judgment, for purposes of this appeal, out

33

in their individual capacities, but such relief is only available against officials in their official capacities for purely ministerial acts; therefore, Appellee's pleading affirmatively negates the trial court's jurisdiction over Appellants the City, and Cagle and Yantis in their individual capacities, and all Appellants to the extent it asks them to perform non-ministerial acts.

Premas has sued a governmental entity, and governmental officials in both their official and individual capacities, and seeks declaratory relief against the City and a writ of mandamus against all Appellants. CR:21-23. That is, Premas has asserted that government officials have failed to perform what it contends is a purely ministerial duty – review (and approval) of land-use applications that Premas contends enjoy Local Government Code Chapter 245 vesting protections. CR:30-31. At the same time that the trial court denied Appellants' plea to the jurisdiction (CR:329), the trial court also issued an order granting a writ of mandamus, compelling Cagle and Yantis in their official capacities to accept and review (but not approve) applications tendered by Premas on or about December 15, 2014. CR:330-31.

Appellants do not challenge the order granting a writ of mandamus as it applies to Cagle and Yantis in their official capacities in this appeal because it did

---

of an abundance of caution, Appellants will assume, without conceding, that Premas has asserted a claim for declaratory relief against the City under Chapter 245 because its prayer does not limit the request for a declaration to one issued pursuant to the UDJA (CR:30). TEX. LOC. GOV'T CODE ANN. § 245.006 (West). Therefore, Appellants will address the jurisdictional defect this issue raises if Premas' pleading is so construed. CR:29-30.

34

not order them to engage in a non-ministerial act.[6] CR:330-31. Premas' pleadings, however, go beyond that and still ask the trial court to order them to approve applications submitted pursuant to the Development Agreement. CR:23. For the purposes of this appeal, Appellants, the City and Cagle and Yantis in their individual capacities, challenge the trial court's denial of their plea to the jurisdiction on the ground that it did not have jurisdiction over the City or Cagle and Yantis in their individual capacities for Premas' request a declaratory judgment or a writ of mandamus, and for the approval of non-ministerial acts. CR:21-23.

In *Heinrich*, the Texas Supreme Court clarified that in suits for a declaratory judgment that a statute is not being followed (e.g. Chapter 245 protections), governmental entities themselves, as opposed to officers in their official capacities, remain immune from suit. *Heinrich* at 372. A suit against a government official in his official capacity imposes liability on the governmental entity, but cannot be brought against the entity itself. *Id*. Therefore, to the extent that Premas' request for declaratory relief is asserted under Chapter 245 of the Local Government Code (CR:30), the City is not a proper party and the trial court committed reversible error by denying its plea to the jurisdiction on this ground. *Id*. Likewise, to the

---

[6] Because this is an interlocutory appeal under Civil Practice & Remedies Code § 51.014 (a) (8), all proceedings, including the trial court's order granting the writ of mandamus (CR:330-31), are stayed in the trial court pending resolution of this appeal. TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014 (b), (c) (West).

extent that Premas' request for declaratory relief is asserted under Chapter 245 against Cagle and Yantis in their individual capacities, they are not proper parties either and the trial court committed reversible error by denying their plea to the jurisdiction on this ground. *Id*. at 373 n.7, citing *Alden v. Maine*, 527 U.S. 706, 757, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999) (Judgments against state officials in their individual capacities will not bind the state).

Premas' pleadings suffer from the same defects as it relates to its claim for a writ of mandamus against these Appellants. CR:21-23. While Local Government Code Chapter 245 clearly and unambiguously waives governmental immunity for claims that a permit enjoys vested rights, Chapter 245 does not purport to change the underlying requirements necessary to obtain mandamus relief. Mandamus may lie to compel a government official to perform a clearly mandatory, ministerial statutory duty without implicating governmental immunity. *City of Round Rock v. Whiteaker*, 241 S.W.3d 609, 628 (Tex. App.—Austin 2007, pet. denied) (party may bring suit to remedy statutory violation or prevent its occurrence; such suit is not against State requiring legislative or statutory authorization); *Janek v. Harlingen Family Dentistry, P.C.*, 451 S.W.3d 97, 101 (Tex. App.—Austin 2014, no pet.) (mandamus will issue to compel a public official to perform ministerial act). Thus, Premas' claim for mandamus against "all Defendants" is clearly defective and the trial court was without jurisdiction over the City or Cagle and

36

Yantis in their individual capacities and should have granted their plea to the jurisdiction on this ground. *Janek* at 101, citing *Heinrich* at 372.

Finally, to the extent that Premas' pleadings ask the trial court to issue a writ of mandamus to Cagle and Yantis in their official capacities to **approve** future permit applications, such a request clearly goes beyond the permissible scope of mandamus unless such approval is a purely ministerial act. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991) (writ of mandamus will not issue to compel public official to perform act involving exercise of discretion). First, assuming Premas' allegation that it has not breached the Development Agreement is true, as the Court must, Premas' pleadings fail to allege facts showing that the approval of a particular application involves the exercise of no discretion. *Id.* Second, the Development Agreement provides that the project "**may** be approved and constructed in one or more phases." CR:37. It also provides that in the event of Premas' failure to obtain staff approval on an application, Premas can appeal that decision to the City Council and that such disputes will be resolved by amendments to the Development Agreement. CR:43. It also contemplates that the Agreement shall serve as "guidance" for the review and approval of additional approvals in the future. CR:43. Nothing in the Development Agreement permits Premas to submit applications that do not comply with the applicable ordinances and rules in effect at the time the Development Agreement was executed. CR:34-

52. Therefore, Premas' pleading fails to invoke the trial court's jurisdiction to the extent it seeks a writ of mandamus for the approval of undefined "applications for preliminary plats, final plats, and site development permits," (CR:22) in the absence of specific allegations that approval of a particular application involves no discretion. *Id.*

For these reasons, Premas failed to invoke the trial court's jurisdiction and the trial court committed reversible error when it denied Appellants' plea to the jurisdiction on these grounds. CR:329. Appellants respectfully request that the Court reverse the trial court and render judgment on behalf of Appellants on these grounds, dismissing these claims against the Appellants.

> ***Issue Seven*** – Appellee has not asserted a valid waiver of immunity for an award of attorneys' fees against Appellants because their claims are not cognizable under the relevant statute, or the statute itself does not provide for an award of attorneys' fees; therefore, Appellants' pleading affirmatively negates the trial court's jurisdiction to award attorneys' fees to Appellees.

Premas' claim for attorney's fees under the UDJA should have been dismissed by the trial court for lack of jurisdiction. While Chapter 245 of the Local Government Code recognizes a developer's vested right to develop under the land use regulations then in effect at the time the first permit application was filed, it provides that the chapter may only be enforced through "mandamus or declaratory or injunctive relief." TEX. LOC. GOV'T CODE ANN. § 245.006 (Vernon). It does not provide for an award of attorneys' fees and because waivers

38

of immunity are strictly construed, such a waiver cannot be read into Chapter 245. See, *City of Houston v. Jackson*, 192 S.W.3d 764, 773 (Tex. 2006). Premas' claim, if any, arises solely under Chapter 245, which waives governmental immunity under a very narrow set of circumstances and expressly sets forth the available relief, which does not include a waiver of immunity for attorney's fees.

The San Antonio Court of Appeals, relying on opinions of the Texas Supreme Court and the Austin Court of Appeals, recently concluded that when the recovery of attorneys' fees against a governmental entity is incidental to and redundant of the relief provided by Chapter 245, a claim for attorneys' fees under the UDJA should be dismissed when it is used solely as a vehicle to recover fees. See *City of San Antonio v. Rogers Shavano Ranch, Ltd*., 04-13-00623-CV, 2014 WL 631484, at *6 (Tex. App.—San Antonio Feb. 19, 2014, pet. filed) (unreported case), citing *John G. and Marie Stella Kenedy Mem. Found. v. Dewhurst*, 90 S.W.3d 268, 289 (Tex.2002), and *Associated Plumbing–Heating–Cooling Contractors of Tex., Inc.*, 31 S.W.3d at 753. This Court has reiterated that premise more recently. *Poole v. Karnack Indep. Sch. Dist.*, 344 S.W.3d 440, 445 (Tex. App.—Austin 2011, no pet.). Moreover, because the UDJA only waives a city's immunity for the declaration of rights related to statutes and ordinances, Premas' claim is for a declaration of rights as to a contract. CR:6-33. Therefore, the City's immunity for a claim for attorneys' fees is not waived by the UDJA under the facts

39

pled by Premas.  See *City of San Antonio v. Rogers Shavano Ranch, Ltd*., 04-13-00623-CV, 2014 WL 631484, at *6.

Next, out of an abundance of caution, although Premas does not assert a claim for attorneys' fees under Chapter 271 in its pleadings (CR:6-33), it does assert Chapter 271 as an applicable waiver of the City's immunity for the Development Agreement.  Appellants adopt and incorporate the argument and authority discussed in Issue Two as if copied verbatim herein, which showed why Chapter 271 is not a valid waiver of immunity under the facts as pled by Premas. If Premas' pleadings, liberally construed, can be read to assert a claim for attorneys' fees under Chapter 271, the pleadings fail to vest the trial court with jurisdiction because Premas has not asserted a viable claim for relief for which immunity has been waived.  Because Chapter 271 is not a valid waiver of the City's immunity, Premas cannot rely on it as a waiver of the City's immunity on attorneys' fees.

## **PRAYER**

Based on the foregoing, Appellants pray that the Court reverse the trial court's order denying Appellants plea to the jurisdiction and render judgment on behalf of Appellants on the grounds set forth in this appeal.

Respectfully submitted,

Knight & Partners
223 W. Anderson, Ln., Suite A-105
Austin, Texas 78752
512-323-5778 Telephone
512-323-5773 Facsimile

/s/ Bradford E. Bullock
Bradford E. Bullock
State Bar No. 00793423
bradford@cityattorneytexas.com

## CERTIFICATE OF COMPLIANCE

In compliance with Tex. R. App. P. 9.4(i)(3), this is to certify that the Appellant's Brief contains 9,209 words, which does not include the caption, identity of parties and counsel, statement regarding oral argument, table contents, index of authorities, statement of issues presented, signature, proof of service, certificate of compliance, and appendix.

/s/ Bradford E. Bullock
Bradford E. Bullock

## CERTIFICATE OF SERVICE

I certify that a copy of Appellant's Brief was served on Appellees through counsel of record in accordance with the Texas Rules of Appellate Procedure as indicated below on the 20th day of July 2015, addressed to:

Howry, Breen & Herman LLP                          via Email
1900 Pear Street
Austin, Texas 78705-5408
(512) 474-7300 Office
(512) 474-8557 Facsimile
Sean E. Breen
State Bar No. 0078715
sbreen@howrybreen.com
Randy R. Howry
State Bar No. 10121690
rhowry@howrybreen.com
James Hatchitt
State Bar No. 24072478
jhatchitt@howrybreen.com

                                        /s/ Bradford E. Bullock
                                        Bradford E. Bullock

IN THE THIRD COURT OF APPEALS
at AUSTIN, TEXAS

**CITY OF LEANDER, TEXAS; KENT CAGLE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CITY MANAGER OF THE CITY OF LEANDER; AND THOMAS YANTIS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ASSISTANT CITY MANAGER AND PLANNING DIRECTOR FOR THE CITY OF LEANDER**

Appellants

v.

**PREMAS GLOBAL LEANDER I, LLC**

Appellee

Cause No. 15-0088-C277; Appeal from the 277th Judicial District Court, Williamson County, Texas

**APPELLANTS' APPENDIX**

## <u>APPENDIX TABLE OF CONTENTS</u>

ORDER DENYING DEFENDANTS' PLEA TO THE JURISDICTION……………………………………..........…...........................45

CAUSE NO. 15-0088-C277

| | | |
|---|---|---|
| PREMAS GLOBAL LEANDER I, LLC, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| CITY OF LEANDER; KENT CAGLE, | § | |
| individually and in his official capacity as | § | OF WILLIAMSON COUNTY, TEXAS |
| City Manager of the City of Leander; and | § | |
| THOMAS YANTIS, individually and in his | § | |
| official capacity as Assistant City Manager | § | |
| and Planning Director for the City of | § | |
| Leander, | § | |
| | § | |
| *Defendants.* | § | 277TH TH JUDICIAL DISTRICT |

---

## ORDER DENYING DEFENDANTS' PLEA TO THE JURISDICTION

---

Before this Court is Defendants City of Leander, Kent Cagle, ~~individually and~~ in his official capacity as City Manager of the City of Leander, and Thomas Yantis, ~~individually, and~~ in his official capacity as Assistant City Manager of the City of Leander's plea to the jurisdiction. After careful consideration of the plea, the response, the filings and evidence on file with this Court, and the arguments of counsel, this Court is of the opinion the plea should be and hereby is DENIED~~, in its entirety.~~

**SO ORDERED.**

Signed: _____MUM 2-2-___, 2015

FILED
at 1:05 o'clock P M
MAY 26 2015

*Lisa David*
District Clerk, Williamson Co., TX.

45

THE HONORABLE STACEY MATHEWS
JUDGE, 277TH DISTRICT COURT